WEILAND *v.* HOGAN.

1. CORPORATIONS—STOCK AND STOCKHOLDERS—ESTOPPEL—BY-LAWS —VALIDITY.

Stockholders who have participated in the enactment of a by-law which requires them to offer their stock to other stockholders of the corporation and to the corporation before selling the same, and providing for a period of six months in which the offer might be accepted, are estopped from questioning the validity of the by-law.

2. SAME—SPECIFIC PERFORMANCE—DECREE.

Where the by-laws of a corporation provided that no transfer of stock certificates should be made by any stockholder without first making a written offer of sale of such stock to the corporation and its stockholders, by affidavit, etc., and, if the company refuse to purchase, the stockholders to have six months in which to accept or reject the offer, a decree in injunction proceedings requiring the defendants to sell to complainants all the stock included in a prospective sale or at their election such part as the complainant stockholders offered to take as their *pro rata* share, was just and equitable.

Appeal from Wayne; Codd, J. Submitted January 13, 1913. (Docket No. 96.) Decided November 4, 1913.

Bill by Frank Weiland and others against Morris P. Hogan and others for an injunction and other relief. From a decree for complainants, defendants appeal. Affirmed.

*Prentis & Mulford,* for complainants.

*Navin, Sheahan & Kennary (Arthur C. O'Connor,* of counsel), for defendants.

Complainants and defendants together constitute all the stockholders in a corporation known as the

Monarch Foundry Company. The corporation was formed in 1907.

At the first meeting of the stockholders, the following by-law was unanimously adopted:

"No transfer of stock certificates on sale shall be made until an offer of sale to the company shall first be made in writing, and the company shall then have six months from date of said notice to accept or reject same, at appraised value, by appraisers appointed by company and seller."

And printed upon each stock certificate was the following:

"This certificate of stock is transferable only when the conditions of article 9 of this company's by-laws have been complied with."

Several transfers of stock were made in accordance with this by-law.

On August 28, 1911, when all the parties to this cause, together with Frank Walker and Frank Rivard, were stockholders, the following by-law, which superseded the one above quoted, was unanimously adopted:

"No transfer of stock certificates, of the company by virtue of sale shall be made by any stockholder without first making written offer of sale of such certificate to the company and stockholders, by an affidavit alleging a bona fide offer of purchase of said certificate and the amount offered therefor and the company, or if the company refuses to purchase, the stockholders shall have six months from date of notice to accept or reject same. Said stock to be equally distributed amongst the stockholders desiring the same, said transfer to be made and recorded within two months thereafter."

On October 28, 1911, Walker made an affidavit in compliance with the foregoing by-law, relative to an offer for his stock, and upon November 7, 1911, Rivard made a similar affidavit. Later, and prior to November 16, 1911, defendant Aman purchased

Walker's 10 shares for $1,200, and Rivard's 15 shares for $2,000.

On November 16, 1911, a special meeting of the stockholders was held which was attended by all the parties to this cause. An extract from the minutes of the meeting shows that:

"The chairman announced that the purpose of the meeting was to take action on the purchase of the stock of Messrs. Rivard and Walker, and the election of a director to fill the vacancy caused by the resignation of Mr. Rivard. The secretary then read the affidavits of Messrs. Rivard and Walker, copies of which are attached to and made a part of the minutes of this meeting. The secretary notified the stockholders that the stock would not be transferred on the books of the company until 60 days had elapsed from the date of the notice. Mr. Aman then notified the company that he had purchased all of the stock of Messrs. Rivard and Walker, and that he was holding same in trust, and that he would assign his interest therein to those desiring same, to the extent that they were entitled to purchase."

On December 26, 1911, complainants gave notice to the corporation that they would take and pay for their proportionate share of the Walker and Rivard stock. On January 10, 1912, a special meeting of the stockholders was held. All stockholders were present, either personally or by proxy. At this meeting a certified check for $1,200 was tendered Aman for the Walker stock, which was refused. Another tender of $1,016 was made for 67/132 of the Rivard stock. Both tenders were refused by Aman, who assigned as his ground for such refusal the alleged fact that the 60-day limit had expired and no tender had previously been made.

Frank Walker, who sold his 10 shares to Aman, testified:

"The by-laws were accepted; they were the by-laws, and the company had always done business under them. When Mr. Aman would not turn over to the

other stockholders their *pro rata*, I authorized Mr. Robertson, as my agent, to tender $1,200 and interest for the return of my 10 shares of stock. I then considered that I had not sold my stock, because I considered the by-laws created a lien upon it, and that in case the stock was not divided among the stockholders, I could not, and had not, made any sale of it."

Being unable to secure their proportionate share of the stock in question, complainants filed their bill of complaint. They pray for the following relief:

"(2) That a temporary injunction be issued from this court restraining the said defendants Aman, Hogan, and Brown from transferring the said stock, namely, the 25 shares purchased from Walker and Rivard, or from voting the said 25 shares purchased from said Walker and Rivard, or any portion thereof, at any stockholders' meeting of said company; that the said defendant company and its officers be enjoined and restrained from allowing the said 25 shares formerly owned by said Walker and Rivard to be voted at any meeting of the stockholders or to be counted in making a quorum.

"(3) That the defendants Aman, Hogan, and Brown be restrained from transferring said stock, namely 25 shares purchased from said Walker and Rivard, or any portion thereof.

"(4) That the said defendant may be enjoined and restrained from voting said stock, namely, 25 shares purchased from said Walker and Rivard, or any portion thereof.

"(5) That the defendants Aman, Hogan, and Brown be required to permit each of the complainants to purchase from them, at the price paid by them on the purchase thereof, their *pro rata* share of said stock, formerly owned by said Walker and Rivard for cash.

"(6) That the defendant company and its officers be enjoined and restrained from allowing the said 25 shares formerly owned by said Walker and said Rivard, or any portion thereof, to be voted at any meeting of the stockholders, or to be counted in making a quorum."

A decree was entered as follows:

"(1) That the sale and purchase of said Walker stock and said Rivard stock shall each be treated as a distinct and separate transaction, for the purpose of carrying out the terms of this decree.

"(2) That within five (5) days from the date of this order, each of said complainants, and each of said defendants, by means of a written communication addressed to the Monarch Foundry Company, shall designate the proportion or *pro rata* of stock he desires to purchase of the stock so as aforesaid sold by said Walker and by said Rivard. Noncompliance with said notice to be construed as a desire not to purchase any of said stock.

"(3) That in case any or all of said defendants do not within said five (5) days signify their intention of taking their *pro rata* proportion of said stock, in accordance with said by-law, then said complainants must, within 10 days thereafter, purchase the balance or all of said Walker and Rivard stock, in accordance with the terms of the sales heretofore made, under and by virtue of said by-law.

"(4) That in case said complainants shall not, within said fifteen days, so purchase their *pro rata* share of all of said stock, as required of them, by the notifications to be given by said defendants, then said defendants shall have the right to retain, as and for their own, all of said stock, so as aforesaid heretofore purchased in trust by said defendant Aman.

"(5) That each of said complainants, in purchasing stock, shall pay interest at the rate of five (5) per cent. per annum, upon the amount paid by him; said interest to be computed from the 28th day of October, 1911, in the purchase of said Walker stock, and from the 7th day of November, 1911, in the purchase of said Rivard stock.

"(6) That complainants shall be entitled to costs, to be taxed by them in this cause."

Defendants appeal.

BROOKE, J. *(after stating the facts).* The contention is made on behalf of appellants that this by-law is void for various enumerated reasons. The authorities upon this point are not uniform, and though the

question is one of interest, we have found it unnecessary to pass upon it in this case, for the reason that, whether valid or void, considered strictly as a by-law, it can be sustained as an agreement entered into between all the parties in interest. It should be noted that we are not called upon here to determine the effect of such a by-law upon a stockholder who had not given his assent to its adoption, or upon a transferee of stock, who in good faith, for value, and without notice, had become an owner of shares in the corporation. We are now dealing only with stockholders who themselves, voluntarily and for their own benefit and protection, enacted the by-law.

A review of the authorities is unnecessary, but attention is directed to the following: *New England Trust Co.* v. *Abbott,* 162 Mass. 148 (38 N. E. 432, 27 L. R. A. 271) ; *Barrett* v. *King,* 181 Mass. 476 (63 N. E. 934) ; *Nicholson* v. *Brewing Co.,* 82 Ohio St. 94 (91 N. E. 991, 137 Am. St. Rep. 764, 19 Am. & Eng. Ann. Cas. 699) ; *Carter* v. *Oil Co.,* 182 Pa. 551 (38 Atl. 571, 39 L. R. A. 100) ; *In re Lindsay's Estate,* 210 Pa. 224 (59 Atl. 1074) ; *Garrett* v. *Lawn Mower Co.,* 39 Pa. Super. Ct. 78. For further authorities upon the subject, see 26 Am. & Eng. Enc. Law (2d Ed.), p. 855, and notes; 10 Cyc. p. 358, and cases cited; *Id.,* p. 579; 3 Clark & Marshall on Private Corporations, p. 1728 *et seq.*

Of the appellants in this case it may be said as was said in the case of *Clark* v. *Machine Co.,* 151 Mich. 416 (115 N. W. 416) :

"The stockholders are not in position to complain, for they were all willing parties to the transaction and are therefore estopped to deny its validity" (citing cases).

We are of the opinion that the decree is not open to criticism. By its terms appellants are required only to sell to complainants their proportionate share of

the Walker and Rivard stock, but may at their option dispose of it all. If they so elect and complainants decline to take it all, they may keep it all. We can perceive nothing unfair in these terms.

The judgment is therefore affirmed, with costs.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.