In the Matter of AMERICAN FIBRE CHAIR SEAT CORPORATION.

WILLIAM DAUM et al., Appellants; ARTHUR J. KINSMAN, Respondent.

(Argued October 5, 1934; decided November 20, 1934.)

*James J. Armstrong* and *Isidore I. Haber* for appellants.

*Isaac N. Jacobson* for respondent.

LEHMAN, J. The certificate of incorporation, filed in the office of the Secretary of State in 1915, contains no provision for cumulative voting by the stockholders of the corporation. In 1921 the capital stock of the corporation was increased to 350 shares of the par value of $100 each. The entire increased capital stock, with the exception of one share, was issued to three stockholders. Each received and still held 116⅓ shares until the dispute arose which gave rise to this proceeding. Prior to 1921 Arthur J. Kinsman had directed the corporate business. He took into the business his two brothers-in-law, but he stipulated that provision must be made which would protect him against loss of control of the business. Accordingly, new by-laws were adopted in 1921 by the unanimous vote of the stockholders. These by-laws provided for cumulative voting for directors. The by-laws

also required a unanimous vote of the directors or a vote of eighty-five per cent of the stockholders to amend the by-laws or to remove an officer. If these by-laws are valid and enforceable, Kinsman, through the ownership of one-third of the capital stock of the corporation, could elect a director and prevent important change in the policies or administration. The stockholders went further. By unanimous vote, a resolution was adopted for the amendment of the certificate of incorporation by adding the following additional provisions:

" (a) That at all elections of directors of said corporation, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected, and that he may cast all of such votes for a single director or may distribute them among the number to be voted for, or any two or more of them as he may see fit.

" (b) That the number of directors shall not be changed, except by unanimous consent of all the stockholders."

The president and secretary of the corporation were directed to execute and file the proper certificates as provided by law to carry out and effectuate the purpose of the resolution. No amended certificate was filed by them.

For many years the three stockholders jointly directed the affairs of the corporation and elected its directors. Then dissension arose. At a meeting held on March 3, 1934, an election of four directors was held. Two of the stockholders cast one vote for each share of stock which they owned in favor of four candidates. Kinsman cast his votes cumulatively for another candidate, multiplying the number of his shares by the number of directors to be elected. His right to cast more than one vote for each share of his stock has been denied by the other stockholders, and he has brought proceedings under section 25 of the General Corporation Law (Cons. Laws, ch. 23) and has asked the court to confirm the election of the candidate for whom he voted.

" Unless otherwise provided in the certificate of incorporation or other certificate filed pursuant to law, every stockholder of record of a stock corporation shall be entitled at every meeting of the corporation to one vote for every share of stock standing in his name on the books of the corporation." (Stock Corporation Law, § 47; Cons. Laws, ch. 59.) " The certificate of incorporation of any stock corporation or other certificate filed pursuant to law may provide that at all elections of directors of such corporation each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected, and that he may cast all of such votes for a single director or may distribute them among the number to be voted for, or any two or more of them, as he may see fit, which right, when exercised, shall be termed cumulative voting." (Stock Corporation Law, § 49.)

We find in these sections of the statute a legislative declaration that provision for cumulative voting is not against public policy, but such provision can be made only by the certificate of incorporation or amendment thereto filed pursuant to law. A corporation is a purely artificial body created by law. It can act only in accordance with the law of its creation. The stockholders of a corporation may be the real owners of the corporation, but their right to control the corporation is governed by the law of its creation. Once the stockholders' rights are fixed they cannot be changed except in the manner provided by law. In some matters the statute permits change by amendment to the by-laws. Then a stockholder takes his stock subject to the possibility of change of rights in that manner. In other matters the law may forbid any change or permit change only through amendment of the certificate of incorporation. It is plain that the voting rights of stockholders fixed by the corporate charter are immune from change except by amendment of the certificate of incorporation.

Here, however, all the stockholders have agreed to a provision for cumulative voting. They had the power by unanimous vote to authorize and direct their appropriate officers to prepare and file an amendment to the certificate of incorporation which would embody such provision in accordance with law. Concededly their agreement was lawful, and the resolution directing the officers of the corporation was also lawful. Then they had exhausted their powers as stockholders. All that remained to be done in order to effectuate their agreement was the formal preparation and filing of the required certificate by the officers of the corporation in accordance with the unanimous resolution and lawful command of the stockholders.

The question presented on this appeal is whether the failure of the officers to obey the command of the corporate stockholders precludes Kinsman from exercising a right of cumulative voting. The other stockholders cannot complain, for they voluntarily and for a sufficient consideration agreed that each stockholder should have such right. The corporation cannot complain, for its stockholders have unanimously passed the necessary corporate resolutions and the corporate officers are under a duty to take the steps necessary to carry the resolutions into effect. The rights of no purchaser of stock or creditor or other third party is involved and the State has no interest in the controversy.

Thus the objection to the validity of the by-law is purely technical. If the stockholders had not directed the officers to file the amended certificate they could have been compelled to do so by decree of specific performance unless damages would have afforded a sufficient remedy for the repudiation of their agreement. After the resolution was adopted, the officers could have been compelled to perform their duty. Where no rights of third parties are involved and no public policy of the State violated, the courts will give effect to the agreement of

the stockholders and the corporate resolution. (Cf. *Fitzsimmons* v. *Lindsay*, 205 Penn. St. 79; *Weiland* v. *Hogan*, 177 Mich. 626.)

The order should be affirmed with costs.

POUND, Ch. J., O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; CRANE, J., dissents.

Order affirmed.