## IN THE MATTER OF THE APPLICATION OF WILLIAM A. BROPHY ET AL., TO SET ASIDE THE ELECTION OF DIRECTORS OF ATLANTIC CITY WIMSETT THRIFT COMPANY.

Decided May 31, 1935.

Before Justice DONGES (at chambers).

For the petitioners, *Lionel P. Kristeller* and *Saul J. Zucker*.

For the respondents, *Endicott & Endicott*.

DONGES, J. This matter is before me under section 42 of "An act concerning corporations" (Revision of 1896), and the supplements thereto and amendments thereof. *Comp. Stat., p.* 1624, § 39.

The nine petitioners were nominated for directors of the Atlantic City Wimsett Thrift Company, a corporation of the State of New Jersey, organized under the Corporations act, above referred to.

Neither in the certificate of incorporation, filed February 25th, 1928, nor in the amended certificate, filed November 20th, 1928, is there provision for cumulative voting of stock. Effective December 19th, 1934, article 1, section 2 of the by-laws of the corporation provided, *inter alia:*

"At all elections for directors, each stockholder of no par common stock of record shall be entitled to cast, for every share of stock held by him, as many votes as there are directors to be elected, and he may cast the whole number of votes for one person, or distribute them among two or more persons as he may prefer."

On December 19th, 1934, an annual meeting of the stockholders of the corporation was held in Atlantic City, on due notice, at which there were represented either in person or by proxy, four thousand seven hundred and thirteen shares of the common stock of the corporation. Of this stock Public Bancorporation owns two thousand shares of five thousand shares outstanding, and there was produced a list of holders of voting trust certificates of that corporation, on which it was asserted the holders were eligible as directors. Twenty-five persons were nominated for the sixteen directorships. For the nine petitioners, who were alleged to be holders of voting trust certificates, there were two thousand shares voted, and they assert that under the by-law they were entitled to have thirty-two thousand votes distributed among them so that five would receive three thousand five hundred and fifty-six votes each and four would receive three thousand five hundred and fifty-five votes each. The other sixteen nominees each received two thousand seven hundred and thirteen votes, no cumulative voting being attempted in behalf of any of them. The chairman ruled that there being no provision in the certificate of incorporation for cumulative voting, the provision therefor in the by-laws was ineffective. He further held that the nominees of Public Bancorporation "are not stockholders under statutory classification in that the holding of voting trust certificates does not make them eligible as directors; however, the votes cast by Public Bancorporation will be considered as being two thousand votes for each of the directors it nominated."

The first question to be considered relates to cumulative voting.

Sections 36a and 36b of our Corporation act provide (*Comp. Stat., pp.* 1622, 1623):

"36a. *Cumulative voting may be provided for in certificate.* The certificate of incorporation, original or amended, of any corporation now or hereafter organized under the laws of this state and thereunder issuing or authorized to issue shares of its capital stock, may provide that at all elections of directors, managers or trustees, each stockholder shall be entitled to as many votes as shall equal the number of his shares of

stock multiplied by the number of directors, managers or trustees to be elected, and that he may cast all of such votes for a single director, manager or trustee, or may distribute them among the number to be voted for, or any two or more of them as he may see fit, which right when exercised shall be termed cumulative voting.

"36b. *Act not construed as affecting implied rights in previous charters.* This act shall not be construed as affecting in anywise the determination of whether or not the right of cumulative voting has been heretofore granted by implication or the right of cumulative voting, if any, granted specifically by special charter or certificate of incorporation."

It will be observed that the only provision for cumulative voting is contained in section 36a (*supra*). This requires that the certificate of incorporation shall provide for such voting. There was no common law right to cumulative voting; it exists only by virtue of the statute and may be exercised only in accordance with the statute. Compare *Lloyd v. Pennsylvania Electric Vehicle Co.*, 75 *N. J. Eq.* 263 (at p. 266); 72 *Atl. Rep.* 16, where in dealing with the power to create preferred stock, it was said:

"The power to create preferred stock is granted by section 18 (*Comp. Stat., p.* 1608), and it is granted upon the terms set forth in that section. To enact that the stock should have such preference as is stated or expressed in the certificate was equivalent to enacting that it should have no other preferences upon the general principle of interpretation that the expression of one thing is the exclusion of the other."

So here, the only authority for cumulative voting is the one requiring it to be expressed in the certificate of incorporation.

In a case dealing with this subject, *In re American Fibre Chair Seat Corp.*, 265 *N. Y.* 416; 193 *N. E. Rep.* 253, the New York Court of Appeals said:

"We find in these sections of the statute a legislative declaration that provision for cumulative voting is not against public policy, but such provision can be made only by the certificate of incorporation or amendment thereto filed pursuant to law. A corporation is a purely artificial body

created by law. It can act only in accordance with the law of its creation. The stockholders of a corporation may be the real owners of the corporation, but their right to control the corporation is governed by the law of its creation. Once the stockholders' rights are fixed, they cannot be changed except in the manner provided by law. In some matters the statute permits change by amendment to the by-laws. Then a stockholder takes his stock subject to the possibility of change of rights in that manner. In other matters the law may forbid any change or permit change only through amendment of the certificate of incorporation. It is plain that the voting rights of stockholders fixed by the corporate charter are immune from change except by amendment of the certificate of incorporation."

The court found that the stockholders agreed to a provision for cumulative voting and directed the officers to prepare and file an amendment to the certificate of incorporation which would embody such provision in accordance with law, and held that the failure to file the required certificate did not deprive a stockholder of his right to cumulative voting.

In the instant case, there was no attempt to amend the certificate of incorporation, as required by the statute. A by-law was passed, apparently by the acquiescence of four thousand seven hundred and thirteen shares of the five thousand shares outstanding.

In *Brooks* v. *Richards*, 79 *Atl. Rep.* 790 (at *p.* 800), it is said: "A by-law that restricts or alters the voting power of stock of a corporation as established by the law of its charter is, of course, void." See *Taylor* v. *Griswold*, 14 *N. J. L.* 222.

I conclude that the by-law in question was ineffective to confer upon the owners of stock in the corporation the privilege of cumulative voting, because not provided for in the charter of the corporation as required by statute. This result makes it unnecessary to consider the other point attempted to be raised.

The rule to show cause is, therefore, discharged, with costs.