JEREMIAH THISTLETHWAITE et al., Plaintiffs, *v.* WILLIAM G. THISTLETHWAITE et al., Defendants.

Supreme Court, Equity Term, Monroe County, December 28, 1950.

*Robert H. Wendt* for plaintiffs.

*Charles S. Wilcox* for defendants.

CRIBB, J.   Plaintiffs bring this action in equity court to secure a determination of the voting rights of stockholders in electing directors of the defendant Ontario Drill Company. No testimony has been received, the case having been submitted under stipulation on the pleadings, and upon exhibits offered by the plaintiff which include certain correspondence, the minute book and stock book of the defendant corporation. The case presents a most unusual situation.

The defendant Ontario Drill Company, herinafter referred to as the " corporation ", was incorporated October 1, 1900, by William P., Charles J., Joe L. and Mary Thistlethwaite (who were brothers and sister), Wayne Gallup and W. F. Gardner. The stock held by Mary Thistlethwaite, Gallup and Gardner was subsequently acquired by the three brothers first above mentioned. The purpose of the corporation was to manufacture grain drills and other agricultural implements. It appears to have operated successfully and profitably to the present time.

In its inception and ever since, this corporation has been essentially a family enterprise. The parties to this action include all of the stockholders of the corporation and all are related by blood or marriage, and all have received their stock by gift or bequest. The plaintiffs own 338 shares out of the one thousand outstanding shares of the common stock; the defendants own the remaining shares. There are no other classes of stock authorized, and all authorized shares of the common stock have been issued. None of the stockholders are purchasers for value and without notice of the by-laws of the corporation. The minute book of the corporation is in evidence without objection by the defendants, and it is conceded to be an ancient document for about fifty years in the custody of the corporate officers and directors, and to be a record made in the regular course of business. The only controversy as to the minutes of the corporation is the question of their present validity and as to what conclusions of law are to be drawn from their contents.

Plaintiffs base their right to equitable relief chiefly upon the by-laws of the corporation. Specifically, they ask this court to declare the rights of the parties, as provided by section 473 of the Civil Practice Act, as to whether the stockholders have a right to vote cumulatively, as provided by its by-laws, without amending the corporation's certificate of incorporation to provide for cumulative voting, and that in the event this court finds that cumulative voting can not be exercised unless the certificate is so amended, that it order the defendant stockholders to duly execute and file with the Secretary of State an appropriate certificate amending the certificate of incorporation so as to provide for cumulative voting.

Section 3 of article III of the by-laws reads as follows: " All elections shall be by ballot, and each shareholder shall be entitled to one vote either in person or by proxy for each share of stock held by him for ten days immediately preceeding the election or meeting, except that at such election of directors at the request

of any stockholder cumulative voting shall be allowed as provided in Section 20 of the ' General Corporation Law ', that is to say, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock, multiplied by three, and he may cast all of such votes for a single director or may distribute them among the number to be voted for, or any two or more of them as he shall see fit. And the stockholders hereby agree with each other to execute any paper or to do any act necessary to give legal effect to the above provision as to cumulative voting by way of amending the Certificate of Incorporation at the request of stockholder or stockholders owning at least one-fourth of the capital stock of this company ''. Article VI of the by-laws reads as follows: '' These by-laws shall not be changed, altered or amended except by a vote of stockholders representing three-fourths of the entire capital stock of the Company ''. Immediately following the above-quoted article VI is the following provision: '' We, the stockholders of the Ontario Drill Co. hereby adopt the foregoing by-laws for said Company, and we severally hereby agree that the same as above written shall constitute the by-laws of the said Company until changed as therein provided for. Dated this 12th day of November, 1900.

(Signed)  W. P. THISTLETHWAITE
C. J. THISTLETHWAITE
J. L. THISTLETHWAITE
MARY THISTLETHWAITE
WAYNE GALLUP
W. F. GARDNER
HELEN P. GALLUP   Nov. 24, 1915
ELLIS GAY         Nov. 22, 1920
ELIZABETH H. THISTLETHWAITE.''

The first six foregoing signatures are the admitted genuine signatures of the incorporators and original subscribers to the stock of the defendant corporation. It is to be noted that these six signatures were affixed November 12, 1900. The foregoing signatures of Helen Gallup (a former stockholder), Ellis Gay and Elizabeth H. Thistlethwaite (the last two admittedly genuine) were subscribed later — Gallup in 1915 and Gay in 1920. No date appears after Elizabeth H. Thistlethwaite's name, but it must have been in 1920 or later. The foregoing is significant in demonstrating that twenty years after incorporation the then stockholders still recognized the same by-laws as first adopted.

The first annual meeting of stockholders subsequent to organization was held July 12, 1902. The minutes are unusual in

form, reading in part as follows: " July 12, 1902 * * * The annual meeting adjourned from Jan'y 21st was held at the office of the Company this day, all the stockholders being present. Meeting was called to order by the President and a vote being taken, and all the stockholders voting in the affirmative, it was duly resolved as follows: 1st That the By-laws be adopted " (Then followed five more separately numbered resolutions not material to this matter). " 6th That the minutes of this meeting be approved. Meeting was duly adjourned.

Signed C. J. Thistlethwaite Secy "

Immediately following the Secretary's signature appears the following: " 11/24 1915 I consent to the foregoing resolutions " Then appears the signature of Helen P. Gallup (a former stockholder) and the admittedly genuine signatures of Gail T. Youngman, Agnes T. Gay, Leayat T. Littel (now Boehme), Nina T. Durfee and W. G. Thistlethwaite, all of whom are defendants in this action.

The only reference to an annual meeting for 1903 in the minute book is the following: " January 21, 1903. Annual meeting called to order and adjourned by me. W. P. Thistlethwaite as Prest." No further record of any stockholders meeting is found until March 31, 1942, when a special meeting was called " for the purpose of electing Directors (The third Director and Sec'y since the organization of the Company, C. J. Thistlethwaite, having died Feb'y 14, 1941, such Directorship remaining unfilled) In accordance with the unvarying custom heretofore at all meetings of stockholders and Directors, essential formalities only were observed." After reciting that the whole number of shares of the capital stock (1,000) was represented in person, or by valid proxies held by Attorney Wilcox, there appears the following: " It being decided needless to invoke cumulative voting & that each stockholder would vote for 3 Directors * * * " W. P. J. L. and Elizabeth H. Thistlethwaite (a defendant in this action) were elected. Here again the original by-laws of the corporation are recognized by particular reference to cumulative voting. Immediately following the minute book contains records of three directors' meetings, following which two pages are missing. Next, the minutes of a directors' meeting held January 18, 1946, recite the death of director J. L. Thistlethwaite on January 16, 1946. The next meeting of the stockholders was held January 21, 1948, at which all stockholders and parties to this action were present, and their present attorneys were also present. Three directors were to be elected, and the

minutes recite that " Mr. Wilcox explained the two methods of voting and Mr. Wendt requested cumulative voting on behalf of his clients ". (Attorney Wilcox represented the defendants and Mr. Wendt the plaintiffs in this action.) No objection to this manner of voting was raised at this meeting, and voting was cumulative.

The next meeting of stockholders was held March 23, 1949. All stockholders were present in person. Mr. Wilcox, attorney for the corporation, and Mr. Wendt, attorney for present plaintiffs, were also present. The by-laws were extensively amended at this meeting and as so amended were the same by-laws originally adopted by the corporation. Plaintiffs offered resolutions, pursuant to section 3 of article III of the by-laws, to amend the certificate of incorporation to provide for cumulative voting. Action was deferred until May 11, 1949, to which date the meeting was adjourned. At such adjourned meeting the whole number of shares (1,000) of the capital stock was represented by stockholders in person (805 shares) or by proxies (195 shares). At this meeting the plaintiffs, owners of 338 shares, that being more than one-quarter of the capital stock of the corporation, submitted a resolution (as provided by section 3 of article III of the by-laws) providing that the certificate of incorporation be amended to provide for cumulative voting. The resolution was defeated, all of the defendant stockholders voting in the negative in contravention of said section 3 of article III of the by-laws. On July 22, 1949, there was submitted by plaintiffs' attorney to each defendant stockholder for his or her signature a certificate of amendment of the certificate of incorporation so as to provide for cumulative voting. All declined to sign, whereupon plaintiffs instituted this action for equitable relief.

A recital of the foregoing history of the acts of stockholders is necessary in determining whether the by-laws were duly adopted and constitute the legal by-laws of the corporation at this time.

The first question to be determined is whether the original by-laws as contained in the minute book were so enacted as to render them the valid by-laws of the corporation, and whether they have continued to be without change, except for certain amendments adopted March 23, 1949, and not material to the issues here involved, and now are the valid by-laws of the corporation. No New York cases have been submitted, nor do I find any indicating the evidence necessary to establish the adoption of by-laws by a corporation. However, the minute

book recites the adoption of the by-laws in question, and under section 374-a of the Civil Practice Act the books of a corporation are evidence of the facts therein recited. This evidence is buttressed by the acts and references by the stockholders to the by-laws at stockholders' meetings down to the commencement of this action. Informal and unusual as the adoption of the by-laws and subsequent acts under them may have been, the stockholders for a half century have recognized the by-laws as valid. The minute book contains no record of or reference to any other by-laws, or any repeal or amendment of the by-laws now in question, except as above noted, and by those amendatory acts the defendants again recognized and accepted the original by-laws as valid. In the absence of mandatory charter or statutory provisions as to the mode of enactment of by-laws no particular mode of enactment or formality is necessary, " and a by-law may thus be adopted either orally or in writing, or by acts as well as by words, and this may be evidenced by a uniform course of proceeding, or usage and acquiescence, as well as by an express vote manifested in writing ". (18 C. J. S., Corporations, § 187, p. 598.)

It is contended by the attorneys for the defendants that the by-law as to cumulative voting is invalid since the statute provides for the method of permitting cumulative voting, and stockholders therefore may not by adoption of a by-law by-pass statutory requirements. While this argument may be sound as a general rule, the stockholders in this case did not attempt to by-pass the statutory requirement as to cumulative voting since the by-law as adopted provided for charter amendment if it should be found necessary to do so in order to provide for cumulative voting.

In view of the foregoing facts, and there being no proof to the contrary, this court finds that the by-laws as hereinbefore discussed are the existing and valid by-laws of the corporation.

Next to be considered is the question as to whether the present stockholders are bound by said section 3 of article III of the by-laws providing for cumulative voting. All of the defendants except Byron H. Durfee, Arthur J. Boehme and William T. Youngman, who are the husbands respectively of defendants Nina Durfee, Leayat Littel Boehme and Gail Youngman, signed their names under a statement assenting to a resolution adopting the by-laws. These three defendants not signing own between them 32 shares out of 1,000 shares of capital stock issued. Durfee acquired his stock May 12, 1941, Boehme Decem-

ber 6, 1946, and Youngman January 9, 1948. The minute book shows all three attending the stockholders' meeting January 21, 1948, when cumulative voting was exercised without objections; also at the meeting March 23, 1949; and all three were represented by proxies at the last meeting held May 11, 1949. Although not signing any assent to the by-laws, they had knowledge of them and up to the last meeting apparently recognized them as valid by-laws of the corporation. Like the other stockholders, they received their stock by gift or bequest and are not purchasers of their stock for value without notice of the by-laws.

The original stockholders were bound to give effect to the by-laws. The manner of the adoption of the by-laws, the phraseology of section 3 of article III thereof, the concluding paragraph of the by-laws as then and subsequently signed by the stockholders, and later action taken assenting to the by-laws, indicate the intention of the incorporators and stockholders to definitely provide the means whereby minority stockholders would be assured of representation on the board of directors. The by-law, providing for cumulative voting at the request of holders of one-fourth of the shares, should be read in conjunction with the other by-law that no change could be made except by a three-fourths vote of shareholders of Ontario Drill Co. Taken together, they show an intent to bring about a basic regulation of the relationship of shareholders, so that the majority could never oust a minority entirely from its right to representation. (See *Cowles* v. *Cowles Realty Co.*, 201 App. Div. 460 and cases cited, and *Loewenthal* v. *Rubber Reclaiming Co.*, 52 N. J. Eq. 440.) In the instant case not only were the certificates issued *after* the enactment of the by-law providing for cumulative voting, but the by-law itself clearly manifests within itself the intention that it was to be a fundamental and basic law as to the relationship of the stockholders. This intent is expressed in the statement that the charter was to be amended to provide for such voting if, legally, that act should be found necessary. This case presents an attempt by the majority stockholders to repeal section 3 of article III of the by-laws, and also article VI which requires a three-fourths vote for such repeal. The repeal is not being sought directly, but indirectly by a refusal to recognize the validity of these by-laws. This they may not do. Under all the facts this court is satisfied that the present stockholders are bound by the by-laws heretofore discussed as to cumulative voting.

Having determined that the right to cumulative voting is preserved to the stockholders, the final question is by what means such right shall be given effect, i.e., what is the legal remedy? While this court is of the opinion that defendants in this case might be compelled to assent to cumulative voting without an amendment to the corporate charter on the theory that the by-law in question is in the nature of a contract among the shareholders and is therefore as much a law of the corporation as if its provisions had been made a part of the charter (*Matter of Amer. Fibre Chair Seat Corp.*, 241 App. Div. 532), it nevertheless finds, on the authority of the opinion of the Court of Appeals in the last-mentioned case (265 N. Y. 416) that the certificate of incorporation of the defendant corporation herein should be amended to provide for cumulative voting. In that opinion at page 420 the court, after referring to sections 47 and 49 of the Stock Corporation Law said: "We find in these sections of the statute a legislative declaration that provision for cumulative voting is not against public policy, but such provisions can be made only by the certificate of incorporation or amendment thereto filed pursuant to law." Section 49 of the Stock Corporation Law providing for cumulative voting is essentially a re-enactment of former section 20 of the General Corporation Law which was in effect when the defendant corporation herein was formed.

Therefore, this court finds that in the instant case an amendment of the certificate of incorporation is necessary to give legal effect to the by-law provision for cumulative voting, and that an order should be made directing the defendants to subscribe and file the necessary documents substantially in the form and manner as demanded by the complaint herein, and to do and perform any other act or acts necessary to effectuate an amendment to the certificate of incorporation so as to provide for cumulative voting.

Findings and proposed judgment may be submitted accordingly.