O'Hara v Board of Directors of the Park Ave. & Seventy-Seventh St. Corp. (2022 NY Slip Op 03872)

O'Hara v Board of Directors of the Park Ave. & Seventy-Seventh St. Corp.

2022 NY Slip Op 03872

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 153400/20 Appeal No. 16120 Case No. 2021-02154 

[*1]Robert S. O'Hara, Jr. et al., Plaintiffs-Respondents,
v
Board of Directors of the Park Avenue and Seventy-Seventh Street Corporation et al., Defendants-Appellants.

Boyd Richards Parker Colonnelli, New York (Jennifer A. Levine of counsel), for The Board of Directors of the Park Avenue and Seventy Seventh Street Corporation, appellant.
Braverman Greenspun P.C., New York (Tracy Peterson of counsel), for Andreas Lazar and Elanna Lazar, appellants.
Belkin • Burden • Goldman, LLP, New York (Magda L. Cruz of counsel), for respondents.

Order, Supreme Court, New York County (Phillip Hom, J.), entered May 20, 2021, which, to the extent appealed from, denied defendants Andreas Lazar and Elanna Lazar's (the Lazars) motion to dismiss the causes of action for nuisance and breach of the proprietary lease prohibiting the creation of a nuisance and defendants Board of Directors of the Park Avenue and Seventy-Seventh Street Corporation and the Corporation's (the Co-op defendants) motion to dismiss the causes of action for breach of fiduciary duty, breach of article I, paragraphs first, second and seventh of the proprietary lease, and breach of the warranty of habitability, unanimously modified, on the law, to grant the Lazars' motion as to the breach of contract claims against them and grant the Co-op defendants' motion as to the breach of fiduciary duty claim and the breach of contract claim under article I, paragraphs second and seventh of the proprietary lease, and otherwise affirmed, without costs.
Plaintiffs allege that unreasonable noise and stomping by the Lazars' children in the upstairs apartment directly above them adversely affected plaintiff Robert O'Hara, Jr.'s health and created structural cracks in the walls and ceiling of their unit. They allege further that the Co-op defendants failed to investigate and address the noise and structural damage.
The allegations concerning the noise are sufficient to state a cause of action for nuisance against the Lazars, as are the allegations of physical damage to the walls and ceiling (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]).
The cause of action for breach of contract against the Lazars was correctly dismissed, since there is nothing in the Lazars' proprietary lease that indicates that plaintiffs were intended third-party beneficiaries of the lease (see Ran v Weiner, 170 AD3d 425, 425-426 [1st Dept 2019]).
The complaint alleges that the Co-op board's refusal to investigate plaintiffs' concerns about the noise constituted unequal treatment and a dereliction of the directors' duties. However, because it does not allege that, in refusing to investigate, the directors were acting outside their official capacity, the complaint fails to state a cause of action for breach of fiduciary duty (Peacock v Herald Sq. Loft Corp., 67 AD3d 442, 442 [1st Dept 2009]; see also Frankel v Board of Mgrs. of the Cent. Park W. Condominium, 177 AD3d 465, 467 [1st Dept 2019]).
The complaint states a cause of action for breach of article I, paragraph first of the proprietary lease, which requires the Co-op to maintain all structural parts of the building, including the apartment's walls and ceilings. To the extent the Co-op defendants contend that under the exculpatory clauses of the proprietary lease, they are not responsible for breaches by other shareholders of the cooperative, this argument is unavailing. The owner of a multiple dwelling has a nondelegable duty to maintain the building in good repair under Administrative [*2]Code of the City of New York § 27-2005 (a), which applies irrespective of the source of the damage to the structural elements of the building.
The complaint fails to state a cause of action for breach of article I, paragraph second of the proprietary lease, because it does not allege that the Co-op failed to provide any of the enumerated services required to maintain the building in first-class condition. To the extent the claim is predicated on the Lazars' alleged violation of the house rules, it is barred by article II, paragraph fifth, which shields the Co-op from liability to one shareholder for another shareholder's violation of the rules (see e.g. Ran, 170 AD3d at 426).
The complaint fails to allege an eviction or abandonment sufficient to support a claim for breach of article I, paragraph seventh of the proprietary lease, which incorporates the covenant of quiet enjoyment (see Iken v Bohemian Brethren Presbyt. Church, 162 AD3d 594, 595 [1st Dept 2018]).
As to the claim for breach of the warranty of habitability, the allegations concerning the noise do not establish that the noise was so excessive that it deprived plaintiffs of the essential functions of a residence (see Kaniklidis v 235 Lincoln Place Hous. Corp., 305 AD2d 546, 547 [2d Dept 2003]). However, the allegations concerning the Co-op defendants' refusal to repair the structural cracks in the ceiling and walls state a claim for breach of the warranty, since structural cracks could give rise to a hazardous condition of the building (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 327-328 [1979], cert denied 444 US 992 [1979]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022