**Reboh v 173-74 Owners Corp.**

2025 NY Slip Op 30040(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 151621/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**
                                                                    *Justice*

PART                                11M

-------------------------------------------------------------------------------X

JOELLE Y. REBOH, DR ZECHARIAH RIVIETZ,

Plaintiff,

- v -

173-74 OWNERS CORP., TIMOTHY CAVANAUGH, RAJAT
MEHROTRA, SERENA SAITTO, DIRECT MANAGEMENT
CORP.

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.              151621/2024

MOTION DATE         06/24/2024

MOTION SEQ. NO.            001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97

were read on this motion to/for                                     DISMISSAL                                     .

Upon the foregoing documents, defendants' motion is granted in part and denied in part.

Plaintiff's cross-motion is denied.

**Background**

This case arises out of a long-running series of disputes between pro se plaintiffs Joelle

Y. Reboh ("Plaintiff") and Dr. Zechariah Rivietz, and their co-op board and management

(collectively, "Defendants").[1] Plaintiff's Amended Complaint pleads five causes of action related

to alleged wrongdoing centered around Plaintiff's unit, co-op board elections, and the co-op's

books and records. On March 15, 2024, the parties entered into a stipulation extending the time

for the Defendants to "answer, move, or otherwise respond to the Complaint" to April 15th, at

which time the Defendants filed the Answer. In response, Plaintiff filed the Amended Complaint.

The parties then entered into another stipulation extending the time to "respond" to the Amended

---

[1] In a separate order, the claims by plaintiff Rivietz have been dismissed for failure to make any appearance in this matter and only the claims brought on behalf of plaintiff Reboh remain.

**151621/2024   REBOH, JOELLE Y. ET AL vs. 173-74 OWNERS CORP. ET AL**
  **Motion No.  001**

**Page 1 of 14**

Complaint to June 14, 2024. According to email correspondence provided by Defendants, counsel for Defendants emailed Plaintiff and explained that their firm's computers were being overhauled and due to technical difficulties, they were requesting a 10-day adjournment of the deadline. In response, Plaintiff said that she would "prefer not entering into a further stipulation but I will not move for default."

Defendants have brought the present motion to dismiss the complaint in its entirety on June 24, 2024. Plaintiff has cross-moved for a default judgment against the defendants for failure to answer.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether

[* 2]

the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

# **Discussion**

For the reasons that follow, Defendants' motion is granted in part and denied in part, and Plaintiff's cross-motion is denied.

### *Plaintiff's Cross-Motion is Denied Because She Waived the Right to Move for Default*

Defendants have provided email evidence that Plaintiff declined a formal stipulation and agreed to the 10-day extension to respond to the Amended Complaint. In response, Plaintiff does not deny the email evidence but instead argues that she understood the extra time to be for filing an Answer only, not a motion to dismiss. But the second stipulation, like the first, clearly encompassed more than just an Answer. The word "respond" to the amended complaint would reasonably include filing a motion to dismiss in response to the new complaint, and Plaintiff clearly stated that she would not move for default judgment against the Defendants for their use of the extra ten days due to technical difficulties. Therefore, the Court declines to grant the cross-motion for default judgment.

### *Plaintiff's Claims Against the Managing Agent*

Defendants have moved to dismiss the amended complaint as against the managing agent, defendant Direct Management Corporation ("Agent"). A managing agent must take on "individual responsibility toward plaintiff" or commit an "affirmative acts of negligence or wrongdoing." *Gordon v. ROL Realty Co.*, 150 A.D.3d 466, 467 (1st Dept. 2017). Here, the only (in)action alleged against Agent is that Cavanaugh allegedly made structural changes to two units without the proper oversight of Agent's employee Georgia Landrau, and that said employee

was aware of said structural changes "and failed to disclose this" to some entity (unstated, but presumably to Plaintiff). The amended complaint does not allege that Agent had individual responsibility towards Plaintiff, nor does it allege any affirmative acts of negligence or wrongdoing. Therefore, the claim(s) against Agent should be dismissed.

## Plaintiff's First Cause of Action

Plaintiff's first cause of action covers several distinct claims and incidents, not all of which are properly speaking a breach of contract claim. As with most of Plaintiff's complaint, this cause of action is largely a litany of semi-related allegations of various kinds of improper behavior, with no mention of the legal elements of any claim. But because this is a motion to dismiss, the relevant analysis is whether "factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer*, at 275. Each claim is addressed separately below.

### *Plaintiff's Breach of Contract Claim Challenging the Board Elections is Timely as to the Last Election*

In their first cause of action, Plaintiff pleads several different claims, grouped under a larger heading of breach of contract. Plaintiff alleges that Defendants Timothy Cavanaugh, Rajat Mehrotra, and Serena Saitto (collectively, the "Board Member Defendants") committed several breaches of contract by: 1) breaching the Bylaws by allowing straight voting for the board elections instead of cumulative voting; 2) breaching Plaintiff's proprietary lease by harassing Plaintiff with false legal notices of default; and 3) breaching the proprietary lease by not enforcing the co-op's requirements against other shareholders. Defendants move to dismiss this cause of action on the grounds that: 1) the breach of the bylaws claim should have been brought as an Article 78 proceeding instead; 2) the Business Corporation Law ("BCL") requires that

cumulative voting be specifically authorized in the certificate of incorporation; 3) Plaintiff has no standing to challenge the failure to enforce the terms of the lease against other shareholders; and 4) the challenge to the board elections was not timely brought.

A court has discretion to convert a civil action to an Article 78 proceeding. CPLR § 103(c). That Plaintiff did not bring the claims in a hybrid proceeding does not automatically bar the claims. But to the extent that the first cause of action challenges the validity of a board election, there is a four-month statute of limitations. *See, e.g., Valyrakis v. 346 W. 48th St. Hous. Dev. Fund Corp.*, 161 A.D.3d 404, 406 (1st Dept. 2018). This action was commenced on February 22, 2024. While Plaintiff uses two different dates for the last Board meeting throughout her papers, both are in November of 2023. Therefore, the present cause of action is timely as to the November election.

The question then becomes whether there is a valid claim challenging the last Board election stated in the amended complaint. Defendants argues that because the article of incorporation is silent on style of voting, under the BCL the default is straight voting regardless of what the bylaws state. They cite to *American Fibre* for support. In that case, the corporation at issue's article of incorporation was silent as to cumulative voting. *In re American Fibre Chair Seat Corp.*, 265 N.Y. 416, 418 (1934). The shareholders voted in new by-laws that allowed for cumulative voting. *Id.* They also directed the board to amend the article of incorporation to allow for cumulative voting, and the case dealt with a challenge to the validity of cumulative voting. *Id.*, at 419. The Court of Appeals held that "the objection to the validity of the by-law is purely technical" because the article of incorporation was amended to allow for cumulative voting. *Id.*, at 421.

But *American Fibre* did not address a scenario such as the present case, where the article of incorporation is silent as to voting method and the bylaws affirmatively require cumulative voting. The law is not clear on whether or not cumulative voting is permitted in this scenario. *See Brady v. 450 W. 31st St. Owners Corp*, 2014 N.Y. Misc. LEXIS 3193, *31 (Sup. Ct. N.Y. Co., July 15, 2014); *but see Thistlethwaite v. Thistlethwaite*, 200 Misc. 64, 72 (Sup. Ct. Monroe County, December 28, 1950). Furthermore, it is logical to this Court that, providing it does not contradict the certificate of incorporation, the voting procedures laid out in the bylaws should be binding. Therefore, because the Defendants have not met their burden on the motion to dismiss, it would be improper to dismiss Plaintiff's challenge to the most recent Board election.

### Plaintiff's Breach of Proprietary Lease as to Quiet Enjoyment Claim Fails to State a Claim

In the second claim pled under the grouping of breach of contract, Plaintiff alleges that Defendants have breached her right to quiet enjoyment. The basis for this claim are allegations that Defendants were harassing Plaintiff by retaining legal counsel and "posting false legal Notices of Default and placing legal letters on plaintiffs' door" and that these actions were intended to cause emotional distress to Plaintiff and her children. Defendants respond by arguing that Plaintiff has failed to make out a prima facie case for the breach of the covenant of quiet enjoyment.

A claim for breach of the covenant of quiet enjoyment requires a showing that "the landlord's conduct substantially and materially deprived the tenant of the beneficial use and enjoyment of the premises." *Jackson v. Westminster House Owners, Inc.*, 24 A.D.3d 249, 250 (1st Dept. 2005). Furthermore, "[t]here must be an actual ouster, either total or partial, or if the eviction is constructive, there must have been an abandonment of the premises by the tenant." *Id.* Here, Plaintiff does not allege any degree of ouster related to the posting of the legal notices at

issue. Plaintiff cite to *O'Hara* in support of her claim, but that case does not avail her. In *O'Hara*, the court held that when pursuing a claim of breach of the covenant of quiet enjoyment pursuant to a proprietary lease, to avoid dismissal the plaintiff must allege "an eviction or abandonment sufficient to support [the] claim." *O'Hara v. Board of Directors of the Park Ave. & Seventy-Seventh St. Corp.*, 206 A.D.3d 476, 478 (1st Dept. 2022). Because the claim for breach of the covenant of quiet enjoyment does not allege a necessary element, it fails to state a cause of action and therefore dismissal is proper.

*Plaintiff's Breach of the Proprietary Lease Claim as to Third-Party Shareholders Fails for Lack of Standing*

The third claim grouped under the breach of contract cause of action alleges that the Defendants breached the proprietary lease by failing to enforce the building's rules and regulations against a third-party shareholder and that Plaintiff was damaged as a result. More specifically, Plaintiff alleges that another shareholder was not required to carry valid homeowner's insurance, that the same shareholder caused a flood that led to water damage in Plaintiff's unit, and that as a result of the failure to enforce the insurance requirement, Plaintiff lost their masterclass policy. Additionally, Plaintiff alleges that Defendants have failed to enforce the carpeting requirements in the lease for the unit above her, leading to noise disturbance.

Both of these claims fail as a matter of law because Plaintiff lacks standing. Section 13 of the lease clearly states that the "Lessor shall not be responsible to the Lessee for the nonobservance or violation of House Rules by any other lessee or person." In *Ran*, the First Department upheld dismissal of a claim based on similar facts and with a similar provision in the lease. *Ran v. Weiner*, 170 A.D.3d 425, 426 (1st Dept. 2019). There, the First Department stated that the plaintiff did not have standing to sue for breach of contract against the other unitholder

because the plaintiff was not an intended third-party beneficiary of the lease with the building. *Id.* They also stated that there was no standing to bring a breach of contract against the building given the relevant provision in the lease. *Id.* Therefore, because this claim is analogous to that in *Ran*, dismissal of this portion of the first cause of action is proper.

### *Plaintiff's Breach of the Proprietary Lease Claim as to the Maintenance Credit*

Although Plaintiff pleads this as intermingled with the third-party breach of contract, this aspect is more properly a separate breach of contract claim. Plaintiff further alleges that as result of the water damage referred to above, she and her family were forced to vacate the unit for 6 months while repairs took place, and that Defendants failed to abate the maintenance fees for this time period as required in the lease. Section 4(b) of the lease states that should damage "render the apartment partly or wholly untenantable [. . . ] the rent hereunder shall proportionately abate until the apartment shall again be rendered wholly tenantable." Defendants failed to address this claim in their papers and have not met their burden on a motion to dismiss. Therefore, dismissal of this portion of the first cause of action would be improper.

## Plaintiff's Second Cause of Action

Plaintiff's second cause of action is for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing. As with the first cause of action, this one covers a multitude of claims and different sets of alleged facts against multiple parties. Defendants argue that none of the claims can succeed as a matter of law because co-ops do not owe a fiduciary duty to their shareholder-tenants, and that regardless, the Board's decision making is protected by the business judgment rule. Defendants further argue that Plaintiff has intermingled personal and derivative claims and has failed to plead claims against the individual Board members with the requisite specificity.

<u>*Co-ops Do Not Owe a Fiduciary Duty to Their Shareholder-Tenants, But Board Members Do*</u>

<u>*Owe a Fiduciary Duty*</u>

Defendants are correct in stating that a co-op corporation does not owe fiduciary duties to its shareholder-tenants. *Peacock v. Herald Sq. Loft Corp.*, 67 A.D.3d 442, 443 (1st Dept. 2009). Therefore, to the extent that the second cause of action is pled against defendant 173-74 Owners Corporation, dismissal is proper. But the Court of Appeals held in 1990 that the board of a co-op does have a fiduciary duty "to the cooperative – that is, it must act for the benefit of the residents collectively." *Levandusky v. One Fifth Ave. Apartment Corp.*, 75 N.Y.2d 530, 538 (1990). The First Department has applied this holding to mean that a "board ha[s] a separate fiduciary duty to treat plaintiff fairly in applying the cooperative's rules." *Fuisz v. 6 E. 72nd St. Corp.*, 222 A.D.3d 402, 405 (1st Dept. 2023); *see also Rokof Assoc. v. Village Place Corp.*, 224 A.D.3d 519, 521 (1st Dept. 2024). Therefore, the fact that the cause of action sounds in breach of fiduciary duty does not necessarily defeat the claims against the individual Board members.

<u>*Plaintiff's Claims Against the Individual Board Members (Were/Were Not) Pled with the*</u>

<u>*Requisite Specificity*</u>

The existence of a fiduciary duty owed by the individual Board members is not enough, however, to forestall dismissal of a claim. Although "an allegation of unequal treatment of shareholders may be sufficient to overcome the protections of the business judgment rule, plaintiffs are still subject to the requirement of pleading independent tortious acts." *Peacock*, at 442. Furthermore, claims of breach of fiduciary duty are subject to a heightened pleading standard. CPLR § 3016(b); *see also Herrmann v. CohnReznick LLP*, 155 A.D.3d 419, 420 (1st Dept. 2017). Much of Plaintiff's complaint does not distinguish between defendants and engages in group pleading, failing to distinguish between the three individual board members, the co-op

corporation, and the building's management company. Group pleading is generally improper and grounds for dismissal. *See Principia Partners LLC v. Swap Fin. Group, LLC*, 194 A.D.3d 584, 584 (1st Dept. 2021).

But there are places where the second cause of action pleads specific acts by individual Board members. Plaintiff alleges that Cavanaugh initiated an eviction proceeding, made unreasonable charges against Plaintiff, showed favoritism to shareholders, and engaged in a "smear campaign" as retaliation for previous actions by Plaintiff and others while on the Board. Plaintiff also alleges that Cavanaugh: intimidated her; used his Board position to have the co-op pay for repairs to his unit; installed a washer/dryer impermissibly thus causing damage to Plaintiff's apartment; and impermissibly purchased and combined a conjoining unit. Plaintiff also alleges that defendant Serena Saitto ("Saitto") "verbally assaulted Plaintiff in the common hallway" and used the services of the co-op attorney for her personal business.

Several of these claims are actually derivative claims on behalf of the co-op, such as the claim that Saitto improperly used the co-op's attorney, and that Cavanaugh improperly had the co-op pay for repairs to his unit. As such, Plaintiff does not have standing to bring these claims because there have been no allegations of demand futility. *Board of Mgrs. of the Alfred Condominium v. Miller*, 202 A.D.3d 467, 468 (1st Dept. 2022). Additionally, the claim that Saitto "verbally assaulted Plaintiff in the common hallway" is not particular enough to put the defendant on notice. Nor are the generalized claims that Cavanaugh "bullied" Plaintiff. As to the claim that Cavanaugh did not have permission to install the washer/dryer, Defendants have submitted an uncontested email from the then-Board President stating that the Board approved the alteration application on July 10, 2018. Therefore, dismissal of these claims within the second cause of action is proper.

The rest of the non-derivative claims amount to a claim of unequal treatment of Plaintiff. While "unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule, individual directors and officers may not be subject to liability absent the allegation that they committed separate tortious acts." *Meadow Lane Equities Corp. v. Hill*, 63 A.D.3d 699, 700 (2nd Dept. 2009). Failure to plead that an individual board member acted tortiously other than in their capacity has a member of the board is grounds for dismissal of the claim. *Id*. When applying these standards to the second cause of action, there are no claims asserted against an individual member of the Board that state a valid claim with the requisite particularity. Therefore, dismissal of the second cause of action in its entirety is proper.

**Plaintiff's Third Cause of Action**

In the third cause of action, Plaintiff requests "specific performance/injunctive relief." Specifically, Plaintiff requests that "the court compel the Defendants to correct the Certificate of Occupancy reflecting the correct units in the building which is now '13'" and to combine the two separate maintenance ledgers for what Plaintiff claims is a single unit and Defendants claim is two units improperly combined. Plaintiff also pleads a separate claim relating to an alleged failure to maintain the building, requesting as relief for this claim the board minutes from 2018 to date relating to interior repairs to individual shareholders' units.

*Defendants Have Not Met Their Burden to Dismiss Plaintiff's Request for Injunctive Relief*

Defendants are correct in stating that specific performance is not a stand-alone claim but rather an equitable remedy for a breach of contract. *EMF Gen. Contr. Corp. v. Bisbee*, 6 A.D.3d 45, 51 (1st Dept. 2004). But the title for the cause of action clearly includes "injunctive relief", and Defendants have failed to address the claim for a permanent injunction outside commenting that there is no underlying contract. While specific performance cannot be a valid claim absent a

contract, a cause of action for a permanent injunction does not require a contract. Here Defendants have failed to meet their burden on a motion to dismiss.

### *Plaintiff's Claim for Failure to Maintain the Building is an Improper Derivative Claim*

Another claim bundled into the third cause of action is that Defendants "failed to maintain the building in a reasonable manner and have failed to perform necessary repairs." As with several other claims, this is a derivative claim on behalf of the co-op and Plaintiff has not pled demand futility. Therefore, dismissal of this claim is proper.

## Plaintiff's Fourth Cause of Action

The Fourth Cause of Action, for "failure to disclose and exorbitant legal charges", alleges that board minutes and documentation that would prove the alleged fraud committed against Plaintiff have been improperly withheld from Plaintiff. According to Business Law § 624(b), a shareholder of a corporation has the right to examine the books and records of said corporation "upon at least five days' written demand." Here, Plaintiff has not alleged that a demand to inspect the records sought was made, nor has she alleged demand futility. Therefore, the Fourth Cause of Action fails to state a valid claim and must be dismissed.

## Plaintiff's Fifth Cause of Action

In the fifth cause of action, Plaintiff makes a separate claim for attorneys' fees and gives, without explanation, an amount requested of $15,000. A claim for attorneys' fees is not recoverable, absent a contractual or statutory provision therefor, "unless the sole motivation of the malicious acts complained constituted a 'disinterested malevolence' on the defendant's part." *Green v. Fischbein Olivieri Rozenholc & Badillo*, 119 A.D.2d 345, 351-52 (1st Dept. 1986); *see also Matter of John T.*, 42 A.D.3d 459, 463 (2nd Dept. 2007) (holding that attorneys' fees are recoverable when "opposing party's malicious acts cause a person to incur legal fees, and when

the litigation creates a benefit to others"). The First Department has held that "[t]o be recoverable those damages must have been proximately related to the malicious acts and the acts themselves must have been entirely motivated by a disinterested malevolence." *United Pickle Co. v. Omanoff*, 63 A.D.2d 892, 893 (1st Dept. 1978). Dismissal of a claim for attorneys' fees (absent a statutory or contractual provision, as is the case here) is proper when the complaint fails to allege that "defendants acted with disinterested malevolence, intentionally seeking to inflict economic injury on plaintiffs by forcing them to engage legal counsel." *Brook Shopping Centers, Inc. v. Bass*, 107 A.D.2d 615, 615 (1st Dept. 1985).

Plaintiff's fifth cause of action fails to state a valid claim for several reasons. First, the complaint fails to allege that the Defendants acted with a disinterested malevolence or intentionally sought to force Plaintiff to engage legal counsel and sustain economic injury thereby. The most important reason that Plaintiff's fifth cause of action fails, however, is that it is unclear how a pro se plaintiff has amassed any attorneys' fees, or why the requested amount is $15,000. By definition, a pro se plaintiff is not represented by legal counsel in the action, and therefore cannot have accrued attorneys' fees that would give rise to a claim for such against the defendant(s). Therefore, dismissal of this cause of action is proper.

**Conclusion**

In summary, Plaintiff's cross-motion is denied on the grounds that she explicitly waived her right to seek a default. Defendants' motion is denied as to the converted-Article 78 challenge to the last Board election, the claim for breach of contract as relates to the failure to abate maintenance fees, and the third cause of action as to the claim for injunctive relief. Defendants' motion is granted as to the claim for breach of quiet enjoyment, the claim for breach of contract

with the third-party unit owners, the second, fourth, and fifth causes of action in their entirety, and all claims as against the Agent. Accordingly, it is hereby

ORDERED and ADJUDGED that the defendants' motion to dismiss the amended complaint is granted as to the claim for breach of the covenant of quiet enjoyment and the breach of contract with the third-party unitholders in the first cause of action; the claim for failure to maintain the building in the third cause of action; the second, fourth, and fifth causes of action in their entirety; and all claims as against defendant Direct Management Corp, and thus those causes of action or pars thereof are dismissed.; and it is further

ADJUDGED that the defendants' motion to dismiss the amended complaint is denied as to the challenge to the most recent Board election and the breach of contract relating to failure to abate maintenance fees in the first cause of action; and the claim for injunctive relief in the third cause of action; and it is further

ADJUDGED that plaintiffs' cross-motion for default judgment is denied.

20250107154455LFRANKDA8F476D3BC245B6885BA5D42EFAC75D

__1/7/2025__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 14]