In the Matter of JACOB FRANKEL, a Stockholder, etc., Petitioner, against 447 CENTRAL PARK WEST CORPORATION and Others, Respondents.

Supreme Court, Special Term, New York County, May 31, 1941.

*Kornfeld & Bisgein*, for the petitioner.

*Solomon & Friedman*, for the respondents.

BENVENGA, J. The basis of the application to set aside the alleged election of directors and for other relief was that the annual meeting of stockholders, which took place at three P. M. on February 15, 1941, was illegal and void because less than ten days' notice of the meeting had been given to the petitioner, in violation of section 45 of the Stock Corporation Law. In opposition to the motion the respondents urged that the petitioner had participated in the proceedings held at the annual meeting. This was denied in the reply affidavits submitted on behalf of the petitioner. In view of the " sharp factual conflict as to whether petitioner participated in the meeting which he claims was invalidly held," this court

referred that issue to an official referee. It appears from the latter's report that although the petitioner objected to the holding of the meeting on the ground that he had received insufficient notice thereof, he did thereafter participate in the meeting to the following extent: he took part in the discussion of a financial statement of the affairs of the corporation which was presented to the persons present at the meeting and made some suggestions in regard thereto, after which his attorney moved that the financial statement be spread upon the minutes of the corporation.

The meeting in question was the regular annual meeting of the stockholders and was called for the purpose of electing directors and considering and acting upon such other business as might lawfully come before the meeting. It was not a special meeting. Consideration of and discussion with reference to the financial statement of the corporate affairs was a proper item of business to be taken up at the annual meeting. The corporate by-laws require the treasurer to render a full financial report at the annual meeting of the stockholders. By participating in the discussion of the financial statement and making suggestions in regard thereto and by moving through his attorney that the financial statement be spread upon the minutes, the petitioner must be deemed to have participated in the meeting and to have waived any right he might otherwise have had to question the validity of the meeting for lack of sufficient notice. Petitioner should either have disregarded the notice and not attended the meeting, or if he attended, should have left the meeting immediately after voicing his objection to the validity thereof without further participation. He could not object to the legality of the meeting in so far as it related to the election of new directors and at the same time participate therein to the extent that it involved consideration of the financial statement of the corporation submitted to the meeting.

The motion to set aside the election of directors and for incidental relief is denied.