In the Matter of JOSEPH WEISBLUM et al., Petitioners, against LI FALCO MANUFACTURING CO., INC., et al., Respondents.

Supreme Court, Special Term, Herkimer County, October 25, 1947.

*Harry D. Glicksman* and *James D. Bronner* for petitioners.

*Nathan S. Briskman* and *Daniel J. Blaugrund* for respondents.

MALPASS, J. This is an application under article 78 of the Civil Practice Act for an order to compel the board of directors of the corporation respondent to call a special meeting of the stockholders of said corporation for the purpose of removing from office all of the directors of said corporation except one.

The application is based upon the alleged refusal or failure of the board of directors to call a special meeting of the stockholders of the corporation as requested by the petitioners pursuant to section 3 of article 1 of the by-laws of the corporation. The section of the by-laws above referred to is as follows: " § 3. *Special Meetings,* Special meetings of Stockholders other than those regulated by statute, may be called at any time by a majority of the Directors. Notice of such meeting stating the purpose for which it is called shall be served personally or by mail, not less than five days before the date set for such meeting. If mailed, it shall be directed to a stockholder at his address as it appears on the stock book; but at any meeting at which all stockholders shall be present, or of which stockholders not present have waived notice in writing, the giving of notice as above described may be dispensed with. The Board of Directors shall also, in like manner, call a special meeting of stockholders whenever so requested in writing by stockholders representing not less than 51% of the capital stock of the company. No business other than that specified in the call for the meeting, shall be transacted at any meeting of the stockholders."

It is conceded that the authorized capital stock of the corporation consists of 300,000 shares of which 249,500 shares have been issued and that the petitioners are the holders and registered owners of a combined total of 127,411 shares of the issued and outstanding stock, an amount in excess of the required 51%. It is also conceded that on or about August 15, 1947, requests for

the holding of a special meeting of the stockholders of the corporation signed by the several petitioners was served upon the members of the board of directors of the corporation. This request was as follows:

" I, the undersigned, a stockholder of Li Falco Manufacturing Co., Inc., holding and entitled to vote the number of shares hereinafter specified, do, pursuant to the provisions of the laws of the State of New York and of the By-Laws of that corporation, hereby request that you call a special meeting of the stockholders of said corporation, to be held at the office of the corporation in Little Falls, New York or in New York City, New York, on the 3rd day of September, 1947, at 10 A. M. for the following purposes:

" 1. To remove all the directors except one (1) nominee of Lewis & Stoehr, Inc.

" 2. To elect six (6) additional directors to the Board of Directors, to constitute a board of seven (7) directors, to hold office until the next annual meeting, and for the transaction of such other business as may be necessary and proper in connection therewith."

It is also conceded that the officers and directors of the corporation have either failed or refused to call the special meeting of the board of directors as requested by the petitioners.

The answer of the respondents alleges that the request made by the petitioners for a special meeting of the stockholders was not made by stockholders owning a sufficient amount of the capital stock of the corporation and the respondents assert that the provisions in the by-laws requiring the request for a special meeting to be made in writing by stockholders, " representing not less than 51% of the capital stock of the company ", means 51% of the entire authorized capital stock rather than the issued and outstanding stock.

The respondents further assert that the request for a special meeting of stockholders to be held on a day certain, to wit, September 3, 1947, was defective for the reason that it was not within the contemplation of the by-laws to give the power to select the date of a special meeting to stockholders, but the fixing of a date of a meeting, if called, was discretionary with the board of directors and that the attempt to fix the date of the special meeting of stockholders renders the request for a special meeting void and of no effect whatsoever. In this regard the petitioners assert that although the power to select the date of the special meeting of stockholders might be discretionary

with the board of directors, that the request for the holding of the meeting on a particular day may be considered as mere surplusage and does not void or nullify the request of the petitioners for a special meeting of the stockholders but that the directors and officers should be required to hold such meeting within a reasonable time after the making of the request.

The respondents further allege in their answer that the petitioners, Weisblum and Gornstein, who are the holders of the greatest number of shares of the petitioning stockholders, were formerly officers and directors of the corporation and in control of its affairs up to the date of the annual meeting of stockholders held June 3, 1947. At this meeting they were removed as directors and the present directors elected by the stockholders and it is alleged, during the period while the said petitioners were officers and directors of the corporation, they were guilty of acts of malfeasance and misfeasance in the management of the affairs of the corporation as the result of which actions have been brought against the said Weisblum and Gornstein to recover damages on account of their illegal conduct of the affairs of the corporation. The respondents further allege that the proposed removal of the present directors of the corporation would in all likelihood be followed by the reinstatement of the petitioners Weisblum and Gornstein as directors of the corporation and the obstruction of the prosecution of the actions pending against them to the detriment of the corporation and the interests of the other stockholders in said corporation.

The respondents also assert that the request for a special meeting of the stockholders and the application for the order sought herein is not made in good faith in the interests of the corporation or of stockholders and that the granting of this application would be adverse and inimicable to the best interests of the stockholders of the corporation.

The order sought herein is in the nature of a mandamus to compel the officers and directors of the corporation to call a special meeting of the stockholders. This would necessitate an interpretation of the by-laws of the corporation. A by-law is in the nature of a contract among shareholders and becomes a law of the corporation unless its provisions violate some provision of law or is unworkable or unenforcible. (*Matter of American Fibre Chair Seat Corp.*, 241 App. Div. 532, affd. 265 N. Y. 416, motion for reargument denied 266 N. Y. 500; *Benintendi* v. *Kenton Hotel*, 294 N. Y. 112.) Subdivision 5 of section 14 of the General Corporation Law provides in part that: " Every

corporation as such has power, though not specified in the law under which it is incorporated: * * * 5. To make by-laws, not inconsistent with law, for the management of its business, the regulation of its affairs, the transfer of its stock, if it has any, and the calling of meetings of its members. * * * By-laws duly adopted at a meeting of the members of the corporation shall control the action of its directors except as therein otherwise provided."

The by-law requiring the directors to call " a special meeting of stockholders whenever so requested in writing by stockholders representing not less than 51% of the capital stock of the company " does not violate any provision of law and is a legal and enforcible by-law and is binding upon the directors.

The respondents claim, that the words " 51% of the capital stock " used in the by-law means 51% of the stock authorized in the certificate of incorporation rather than 51% of the issued and outstanding stock in the hands of stockholders, is untenable. Where action by stockholders " representing " capital stock is required under a statute or a by-law, such statute or by-law is generally construed as relating to that part of the capital stock which has been paid for and is in the hands of stockholders whose money or property has been invested in the enterprise.

In *Greenpoint Sugar Co.* v. *Whitin* (69 N. Y. 328) wherein the court interpreted the statute requiring the assent of the owners of two thirds of the capital stock of the corporation to a mortgage of the real property of the corporation, the court, on pages 338–339 said: " The capital stock fixed in the articles of association was 2,500 shares, but there had been only 2,000 shares actually issued, and only that number were then owned, and for aught that appears no more was intended to be issued. The owners of more than two-thirds of that number signed the assent, without including the 109 shares. For the purposes of this act we think that the amount actually issued and owned should be regarded as the amount of the capital stock. The design was to confer this power of assent upon those who represented two-thirds of the actual stock. They represented two-thirds of the pecuniary interest and property of the corporation."

To the same effect is the decision in the case of *Small* v. *Sullivan* (245 N. Y. 343) wherein the court at page 348 said: " The Interborough-Metropolitan Company was a domestic corporation with an authorized capital of $155,000,000. At the times herein mentioned there was issued and outstanding

$45,740,000 of preferred, and $93,262,192 of common stock " and on page 349, the court said: " The capital of the Interborough-Metropolitan Company had become impaired to the extent of $80,000,000. *Its capital stock, both common and preferred, amounted to $139,200,192 * * *.*" (Italics supplied.)

It is conceded that the petitioners owned a total of 127,411 shares of the issued and outstanding stock, the total of which consisted of 249,500 shares. The petitioners, therefore, represented more than 51% of the capital stock of the company and the directors were required to call a special meeting of the stockholders upon their written request for the same.

The attempt of the petitioners to fix the date for the holding of the special meeting of the stockholders was not binding upon the directors. The directors retained the authority to call such special meeting at a date to be selected by the directors subject only to the qualification that such a meeting should be called within a reasonable time and also subject to the qualification that the meeting was requested for a proper and legal purpose. In my opinion the attempt to fix the date of the special meeting of stockholders on September 3, 1947, does not entirely vitiate the request for a meeting. The reference to the proposed date should be treated as mere surplusage. Section 10 of article 2 of the by-laws is as follows: " § 10. *Removal of Directors.* Any one or more of the directors may be removed either with or without cause at any time by a vote of the stockholders holding a majority of the stock at any special meeting called for the purpose." The purpose set forth in the request for the special meeting of stockholders was therefore a legal and valid purpose.

The respondents strenuously urge that the calling of a special meeting of the stockholders is entirely within the discretion of the directors. This claim is untenable. Section 3 of article 1 of the by-laws provides that: " Special meetings of Stockholders other than those regulated by statute, *may* be called at any time by a majority of the Directors." (Italics supplied.)

The same section of the by-laws, however, provides: " The Board of Directors shall also, in like manner, call a special meeting of stockholders whenever so requested in writing by stockholders representing not less than 51% of the capital stock of the company."

In my opinion the latter part of this section of the by-laws makes it mandatory for the directors to call a special meeting whenever a proper request therefor is made by the stockholders owning the required amount of the capital stock. (*Cottrell* v.

*Board of Education of City of N. Y.*, 181 Misc. 645; *Cummings* v. *State ex rel. Wallower*, 47 Okla. 627; *Bassett* v. *Atwater*, 65 Conn. 355; *People ex rel. Miller* v. *Cummings*, 72 N. Y. 433.)

The affirmative defenses set forth in the answer of the respondents do not, in my opinion, present issues which require a trial for a proper determination of this motion. It would be improper for the court to assume that the stockholders at the special meeting would vote into office, directors whose election would be against the best interests of the corporation and its stockholders and, acting upon that assumption, deprive the petitioners of their legal right to require the calling of such a stockholders' meeting in accordance with the provisions of the by-laws.

An order may be entered herein directing the proper officers of the respondent corporation to call a special meeting of the stockholders of said corporation for the purposes set forth in the request for said meeting.

Settle order on notice, in which order a date for the meeting may be fixed.