Elbert T. Gallagher, J.
Motion to set aside, as illegal and void, an election of directors and an election of officers of Style-master Department Store, Inc., hereinafter referred to as “ the corporation.”
The following facts are undisputed. On May 11, 1955, stockholders whose combined holdings of stock in the corporation aggregated approximately 72% of that outstanding, sent to the board of directors a letter requesting the board to call a special meeting of stockholders for the purpose of electing a new board of directors. Thereafter, the corporation’s secretary sent to each of the five stockholders, including petitioners, a notice of a special meeting of stockholders, stating therein that the purpose was to elect a new board of directors.
At the stockholders’ meeting, held on May 26, 1955, and attended in person or by proxy by the holders of all outstanding stock, including petitioners, a new board of directors *208 Was elected. Petitioners were replaced as directors. On June 6,1955, the new board of directors met and elected officers. Petitioner William Zornetzer was replaced as president.
Before there can be a consideration of petitioners’ objections on the merits, disposition must be made of respondents’ contention that petitioners are barred by the limitation of four months contained in section 1286 of the Civil Practice Act.
The cases hold that where the act complained of is illegal, the wrong is a continuing one, and the limitation of time does not commence to run until there has been a demand by the complainant for his rights, and a refusal thereof by the respondents. (Matter of Cash v. Bates, 301 N. Y. 258; Toscano v. McGoldrick, 300 N. Y. 156; Matter of Mallen v. Morton, 300 N. Y. 478; Matter of Millicker v. Board of Education, 300 N. Y. 634; Matter of Foy v. Brennan, 285 App. Div. 669; Alliano v. Adams, 140 N. Y. S. 2d 443; Matter of Kenny v. Loos, 286 App. Div. 97; Wyatt v. Armstrong, 59 N. Y. S. 2d 502.)
If a wrong exists in this case, it arose as a result of an illegal' act, and therefore is a continuing wrong. There is nothing in the record to indicate that there has been a demand by petitioners and refusal by respondents.
The first three of petitioners’ objections will be considered together. Petitioners allege that the request for a meeting of stockholders was never referred to the board, that no meeting of the board was held to pass on it, and the secretary had no authority to send out notices of the meeting. Respondents allege there was an informal meeting of directors, including petitioners, at which it was decided to call a special meeting in accordance with the request, after which the secretary was instructed to send out notices.
If there was such an informal meeting, petitioners’ objections are of no avail, since all the directors would have passed on the request, and it has been held that in cases of close corporations, where the directors are in frequent contact with each other, it is unnecessary to hold a formal meeting in order to make a decision. (Matter of Doelger, 254 App. Div. 178, 186-187; Simonson v. Helburn, 198 Misc 430.) Even if such informal meeting did not take place, it is the court’s opinion that since petitioners received the notice of meeting, which recited the purpose of the meeting and that it was being called at the request of stockholders, and having attended the meeting without protest as to the failure of the board to meet formally to pass on the request, or to the authority of the secretary to send out the notices, they cannot now be heard to object to these omissions. (Matter of Frankel v. 447 Central Park West Corp., *209 176 Misc. 701, affd. 263 App. Div. 950; Matter of Keller, 116 App. Div. 58; Matter of Roosevelt Leather Hand Bag Co., 68 N. Y. S. 2d 735; Kahn v. Blinn, 60 N. Y. S. 2d 413.) Petitioners’ participation without objection in the meeting was adequately pleaded by respondents.
In passing, if, as petitioners claim, the request for a stockholders’ meeting was not referred to them prior to the secretary’s sending out of the notices, it seems strange that they, both of whom were directors and one of whom was president, did not object or at least make inquiry as to the propriety of the meeting and the authority of the secretary, at the time they received the notices, or at the latest at the time of the meeting.
Petitioners’ fourth and fifth objections are addressed to the validity of two of the corporation’s by-laws. Section 3 of the by-laws provides that the board shall call a special meeting of stockholders whenever so requested in writing by stockholders representing not less than 70% of the capital stock of the company. Section 10 of the by-laws provides that directors may be removed at any time without cause at any time by a vote of stockholders holding 70% of the stock at any special meeting called for that purpose. Paragraph (d) of subdivision 1 of section 9 of the Stock Corporation Law provides that the certificate of incorporation may provide for the transaction of any specified item of business at a stockholders ’ meeting by a number of votes greater than the proportion prescribed by law in the absence of such provision. The corporation’s certificate of incorporation is silent on the subject. Therefore the two by-laws are invalid, not, as petitioners claim, in their entirety, but only to the extent that they are inconsistent with law. (General Corporation Law, § 14, subd. 5; Christal v. Petry, 275 App. Div. 550, 559, affd. 301 N. Y. 562; Katz v. H. & H. Manufacturing Co., 109 App. Div. 49, affd. 183 N. Y. 578.) The requirement in each by-law that 70% of the stockholders concur in the action taken is void. Otherwise the by-laws are valid, because they are not inconsistent with the law. (Stock Corporation Law, § 55; Matter of Weisllum v. Li Falco Mfg. Co., 193 Misc. 473.)
Since under the valid portions of the by-laws, a majority of the stockholders had the right to request a special meeting of stockholders for the purpose of electing directors, and had the right at such meeting to elect new directors, the directors’ meeting on June 6,1955 is held to have been legally constituted, disposing of petitioners’ sixth objection.
Petitioners’ last objection, that William Zornetzer could not be replaced as president because he had not resigned and there *210 fore there existed no vacancy, is almost frivolous. The law is well settled that in the absence of contract, the directors of a corporation have the power to remove officers at their pleasure. (Stock Corporation Law, § 60.)
Motion denied. Settle order on notice.