Edward G. Baker, J.
Petitioner, a domestic corporation, applies for an order restraining the respondents, the owners and holders of 50% of its capital stock, from holding a special meeting of the board of directors of said corporation called pursuant to notice signed and caused to be served by its secretary by direction of two of its directors. The board of directors of the corporation is composed of three members: Bazinover, who is the owner of 50% of the issued stock, and Goldman and Levine, each of whom is the owner of 25% of *75 the issued stock. The notice of special meeting stated that it was called for the following purposes: (a) to elect officers of the corporation; (b) to adopt new resolutions respecting signatures on file with banks; (c) to act on claims of Bazinover for services rendered to the corporation; (d) to act on the question of termination of the employment of Bazinover and one Pleat, and (e) to transact such other business as might properly come before the meeting.
Petitioner contends that the special meeting was improperly and illegally called for the reason, among others specified in the petition, as follows: “A. Special meetings of the Board of Directors of said corporation may be called, according to the by-laws of said corporation, by the President at any time, or by the written request of two directors. The president, petitioner herein, has received no such written request from the two respondents; they have acted upon their own initiative.” As to specification A: Section 5 of article II of the corporate bylaws provides, inter alia, that “ Special meetings of the board of directors may be called by the president in his discretion at any time and shall be called upon the written request of two directors.” It seems to me clear that, under this provision of the by-laws, the only person empowered to call a special meeting of the board of directors is the president of the corporation. He may do so at any time in his own discretion and must do so if requested in writing by two directors. The notice of special meeting served by the secretary pursuant to the direction of two directors was not in compliance with the requirements of the by-laws and was ineffective. Apparently, it is respondents’ position that, because of differences among the parties, any request for such a meeting directed to the president of the corporation would be futile. Their assumption in this respect does not lend validity to their call for the meeting, nor does it justify their disregard of the by-law requirement. In the event their request to the president for a special meeting of the board is refused or disregarded, compliance by him may be compelled in an appropriate proceeding (19 C. J. S., Corporations, § 747; 13 Am. Jur., Corporations, § 985, p. 940).
In view of this holding, it is unnecessary for the court to consider the other questions posed by the petition and answer. However, the court feels it proper to call to the attention of the parties the authorities hereinafter cited which bear on specifications D and G- of the petition: (New York Stock Corporation Law, § 9; 1948 Report of N. Y. Law Rev. Comm., pp. 385-389; N. Y. Legis. Doc., 1948, Vol. 10, No. 65 [K], pp. 5-9, both inclusive; General Corporation Law, § 14, subd. 5; Matter *76 of Faehndrich, 2 N Y 2d 468, 473; Benintendi v. Kenton Hotel, 294 N. Y. 112; Matter of Stylemaster Dept. Store, 7 Misc 2d 207, 209.)
Motion granted upon the ground hereinabove stated. Submit order.