VnsrcEHT A. Lupiano, J.
Petitioner in this article 78 proceeding seeks, inter alia, to restrain a proposed meeting of the board of directors of a corporation in which he has an interest as being violative of section 55 of the Stock Corporation Law. Respondents have cross-moved to dismiss the petition for legal insufficiency. It appears that the petitioner and one of the respondents, De Feo, are the sole and equal stockholders, and the individual parties (including the other corespondent Pinto) constitute the board of three directors. They have held office more than six years.
Section 55 of the Stock Corporation Law provides that 11 At least one-fourth in number of the directors of every stock corporation shall be elected annually.” It is, therefore, urged by petitioner that since the last stockholders’ meeting was held in April of 1956 at which time no elections were held, respondents are powerless as directors to call a meeting.
It is provided in section 21 of the General Corporation Law that if ‘ ‘ the directors shall not be elected on the day designated by law or fixed in the by-laws, the corporation shall not for that reason be dissolved; but every director shall continue to hold his office and discharge his duties until his successor has been elected.” Moreover, it is incumbent on the directors, in the first instance, to call a meeting where there has been a lapse in the regular election of directors (Stock Corporation Law, § 22). Petitioner insists that the provisions of the General Corporation Law are inapplicable here and insofar as they appear inconsistent with section 55 of the Stock Corporation Law they must be disregarded.
There are, however, no inconsistencies between the two sets of provisions and it is perfectly clear that section 55 of the Stock Corporation Law must be read in light of section 21 of the General Corporation Law so that if the required election date passes, an incumbent director must be considered a holdover in power and his chair not vacant (see 4 White, Corporations, § 10),
While there is no doubt that the affairs of private corporations may be looked into by this court through the device of an article *1097 78 proceeding in the nature of prohibition (see Matter of Public Serv. Comm. v. Norton, 304 N. Y. 522; 22 Carmody-Wait, New York Practice, p. 365), the petition has stated no grounds for invoking such relief.
Petitioner’s reliance on Matter of Ann-Jen Holding Corp. v. Goldman (15 Misc 2d 74) to support his application is unwarranted. In that case, a provision in the by-laws permitted only the president to call special meetings of directors, and he was required to do so on written notice of two directors. Therefore it was held that the calling of a meeting by two directors on the presumed futility of a special request to the president was nevertheless violative of the by-laws and must be restrained. In the case at bar, since no contrary by-law provisions have been shown, the proposed meeting being consistent with statutory provisions may not be thwarted.
Accordingly, the cross motion is granted and the petition is dismissed.