Nathaniel T. Helmaet, J.
Motion to restrain defendants from proceeding with an annual or any special meeting of the stockholders of defendant Tiffany and Company for the purpose of electing directors thereof, and from taking any action to remove two named directors of said defendant. The two directors were designated by plaintiff pursuant to an agreement entered into at the time that defendants purchased plaintiff’s block of Tiffany shares. In September, 1961 plaintiff owned 69,237 shares of Tiffany stock which constituted a majority interest, i.e., 52.3% of the issued and outstanding stock. From the very outset of the negotiations, plaintiff conditioned the proposed sale of its shares on the purchasers’ undertaking to use their best efforts to continue to have elected to the board of Tiffany two persons designated by plaintiff. It appears that plaintiff operates the Bonwit Teller department store adjacent to Tiffany and plaintiff’s affiliates operate other retail establishments in the immediate neighborhood, all of which cater to the same class of customers. The character and prestige of Tiffany’s is of great value and importance to the entire neighborhood, and to the continuing high standards of the adjoining stores. It was for this reason that plaintiff reserved the right to designate persons on Tiffany’s board who would emphasize the maintenance of the high-type operations with which it had been identified. At one point in the negotiations, plaintiff made clear that notwithstanding the acceptability of all of its other terms, the sale could not be consummated without the undertaking by all of the purchasing stockholders to carry out the obligation to accept plaintiff’s two nominees.
In April, 1962 the two directors designated by plaintiff were re-elected to the board of directors.
On April 4,1963 plaintiff notified defendants of its designation of the same two directors for re-election at the next annual stockholders’ meeting. Thereafter, defendant Hoving wrote to plaintiff, informing it that he was advising his associates that the provision in the agreement which provided for the election of plaintiff’s designees should be deemed terminated. *397 Plaintiff thereupon advised defendants that it would designate two different persons for election pursuant to the agreement. Defendants have refused to comply with the agreement irrespective of whoever is designated by plaintiff. They consider their obligations under said agreement at an end. The slate of nominees to be proposed to the stockholders for election to the board of directors excludes plaintiff’s nominees and the notice of meeting contains the recommendation of “ management ” that a new list omitting plaintiff’s designees be approved at the meeting.
Defendants’ promise is unequivocal, and it is clear that plaintiff would not have sold the stock to defendants without such promise. Now that plaintiff has performed its part of the agreement, defendants seek to withdraw from their obligation. Am agreement to elect designated persons as directors is valid and binding. So long as it does not contravene any express charter or statutory provision, or contemplate any fraud or wrongdoing, it is enforcible as between the contracting parties (Manson v. Curtis, 223 N. Y. 313; McQuade v. Stoneham, 263 N. Y. 323; Clark v. Dodge, 269 N. Y. 410). The right of shareholders to have their shares voted in accordance with their agreement has been carried into the provisions of the new Business Corporation Law (§ 620, subd. [a]). The fact that the agreement does not contain a termination date does not make it any less valid. (Diamond Match Co. v. Roeber, 106 N. Y. 473, 484; Goos v. Pennisi, 10 A D 2d 643.)
Nor does the agreement violate section 8 of the Clayton Act (TJ. S. Code, tit. 15, § 19) as plaintiff’s designees are not directors in either the plaintiff or its parent corporation, or any competitor of Tiffany.
This motion should be granted so that the status quo will be maintained until a trial of the issues can be had (Byington v. Piazza, 131 App. Div. 895). The denial of this motion would leave plaintiff completely without representation on the Tiffany board of directors, which representation defendants agreed to use their best efforts to maintain. The purpose of an injunction pendente lite is to prevent further perpetuation of such an alleged wrong until a trial of the issue. (International Ry. Co. v. Barone, 246 App. Div. 450.)
The request for injunctive relief as against the corporation defendant will, however, be denied. The latter not having been a party to the agreement, and no cause of action having been asserted against the corporation, an injunction will not lie. Motion granted, the bond shall be in the sum of $5,000.