G. Hunt Weber, Respondent, *v.* R. O. Sidney et al., Appellants.

First Department, November 21, 1963.

*Frank B. Gass* of counsel (*Penick, Gass & Mitchell,* attorneys), for appellants.

*Edward R. Neaher* (*Zachery Shimer* and *George H. MacLean* with him on the brief; *Chadbourne, Parke, Whiteside & Wolff,* attorneys), for respondent.

EAGER, J.   In this action for declaratory judgment, the trial court's conclusions and the judgment rendered are sustainable for the most part.   The judgment properly declares and adjudicates that the plaintiff is entitled to participate in the affairs of the corporation as vice-president, director and co-owner of the corporate stock thereof.   Upon the grounds specified, the trial court properly concluded that there was a failure to revoke effectively the resolution adopted by the board of directors giving the plaintiff the right to cosign corporate checks; and consequently, it was proper to declare and adjudicate that the plaintiff has the right to cosign all corporate checks and other instruments drawn against or to be charged to bank accounts of the defendant corporation.   Furthermore, upon the findings of the trial court, it was also proper to declare and adjudicate that the meeting of the board of directors, allegedly held on September 13, 1961, was not validly called or held and that the action taken thereat was void and ineffective; and, on basis thereof, the defendants were properly enjoined from permitting Josephine A. Sidney to continue to serve as " acting secretary " and from paying her a salary in that capacity.   Finally, the judgment properly restrains the defendants from entering into any lease or other arrangement for the purpose of removing the offices of the defendant corporation from their present location except with approval of the board of directors.

The judgment further provides for the recovery by the plaintiff of the sum of $45,000 and interest as compensation and payments owing to him by the defendant corporation for the period from January 1, 1962 until July 1, 1963.   This apparently was on the basis of a conclusion by the trial court that the plaintiff was entitled to receive from the corporation a yearly salary of $15,000 as vice-president under the December, 1960, resolution

of the board of directors hereinafter referred to, the sum of $5,000 a year as expenses, and the further sum of $10,000 as salary payable to himself, his wife or other nominee to equalize a similar amount paid to the individual defendant's daughter as "acting secretary" of the company. As hereinafter pointed out, however, there was no pleading or proof of any obligation on the part of the corporation as such, extending beyond the year 1961, to make payments to the plaintiff other than the payment to him of the yearly salary of $15,000 as vice-president.

The board of directors of the corporation, consisting of the individual parties to this action and a third person, now deceased, who was their nominee, adopted a resolution on December 5, 1960, providing that it "was unanimously agreed that the salaries of the officers of the corporation for the year 1961 shall be as follows and until such time as changed: president and treasurer [the defendant Sidney], $35,000, vice-president [the plaintiff Weber], $15,000; secretary $10,700." This resolution of the directors, adopted in conformity with the provisions of the corporate by-laws, sufficiently establishes a contract which is binding on the parties and enforcible as against the defendant corporation. The action, so taken, obligated the corporation to pay the $15,000 salary to plaintiff as vice-president "until such time as changed", and it has not been superseded by any later proper corporate action. Consequently, the corporation is bound to continue to pay the said salary to the plaintiff as vice-president.

The trial court has in effect found that the plaintiff was wrongfully excluded from participating in the management of the corporation, and we so find. This being so, the alleged defense of failure of consideration, premised upon the fact that the plaintiff has rendered no services to the corporation, is not available to defeat the right of plaintiff to recover the salary payable to him as vice-president. (See *Eisenberg* v. *Rodless Decorations,* 106 N. Y. S. 2d 822, 829; *Realty Acceptance Corp.* v. *Montgomery,* 51 F. 2d 636; see s. c., 51 F. 2d 642, affd. 284 U. S. 547.)

The December, 1960, resolution of the board of directors also provided that "for the year 1961" the plaintiff and the individual defendant should "be reimbursed for expenses incurred by them on behalf of the company up to a maximum of $5,000 each". This resolution by its terms applies only to the year 1961 and, therefore, does not apply to authorize payment by the corporation of the expenses of either the plaintiff or individual defendant for any year thereafter. Furthermore, the provision is for reimbursement "for expenses incurred" and,

so far as plaintiff is concerned, there is no evidence in the record that he did, following the year 1961, incur any expense as an officer of the company. Consequently, the resolution itself will not support any recovery against the corporation for a period subsequent to the year 1961.

Significantly, the gravamen of plaintiff's complaint are alleged oral agreements between him and the individual defendant Sidney to share equally in the compensation paid by and profits earned by the various companies organized and owned by them. The basic and underlying agreement pleaded by the plaintiff was an agreement solely between these two individuals. Such agreement, as established by the record, and as found by the trial court, was "a long standing oral agreement between himself [the plaintiff] and the individual defendant for an equal division of earnings so long as they remained owners of the defendant corporation," their intention being that each "would receive equal total amounts whether in form of salary, expense accounts, salaries to relatives or otherwise". But, on the record here, it is clear that such agreement, as between the individual parties, was subject to their further understanding that they would get together from time to time and decide the amount and the recipients of the salaries and expenses to be paid to effect an equal division of the earnings of their corporate ventures; then, generally, the necessary and proper action would be taken by the directors.

We must not overlook the fact that the individual parties had agreed to and were conducting business in the corporate form. Their basic understanding for division of the earnings and profits and, in this connection, for equal compensation, was subject, of course, to the overriding agreement, implicit in the use of the corporate form, that payments from earnings or profits to them, whether in the form of salaries or as dividends, would be in conformity with the corporate setup. Their understanding was subject to the statutory directive that the "business of [the] corporation shall be managed by its board of directors". (See General Corporation Law, § 27; now, Business Corporation Law, § 701.) Then, by their adoption of corporate by-law provisions, it was established that "the salaries of all officers shall be fixed by the board of directors" and further that the payment of dividends from earnings of the corporation should be accomplished by proper action of the board of directors. These by-law provisions, fixing the basis for the payment of salaries and dividends, are to be given the force and effect of a contract as between the stockholders. (18 C. J. S., Corporations, § 181, subd. b; *Matter of American Fibre Chair*

*Seat Corp.*, 241 App. Div. 532, affd. 265 N. Y. 416, mot. for rearg. den. 266 N. Y. 500; *Matter of Weisblum* v. *Li Falco Mfg. Co.*, 193 Misc. 473.) The by-law provisions are without doubt controlling as to the liability of the corporation to the officers and stockholders unless we disregard the corporate entity. (See 5 Fletcher, Corporations, § 2121.)

An agreement between stockholders for equal compensation from corporate earnings is not generally enforcible directly against the corporation which was not a party thereto. (See 1 O'Neal, Close Corporations, § 5.28. Cf. *721 Corp.* v. *Morgan Guar. Trust Co.*, 40 Misc 2d 395.) To so enforce it is to disregard the corporate entity. Here the parties deliberately adopted and have voluntarily conducted business in the corporate form for many years. By the certificate of incorporation filed by them, by their formal adoption of by-laws for the corporation, and by the recording of their resolutions as directors, they have laid down in writing the guide rules for the use and distribution of the corporate assets and earnings. Under the circumstances, the understandings and the informal oral agreements between them must be deemed to have been supplanted by these formal actions to the extent necessary to give the corporate form due effect. Such form may not be abruptly cast aside to allow a recovery directly against the corporation for the breach of the oral agreement between the shareholders. Rather, the plaintiff should be relegated to his rights and remedies as a stockholder. (Cf. *Manacher* v. *Central Coal Co.*, 248 App. Div. 380, affd. 308 N. Y. 784; *Brock* v. *Poor,* 216 N. Y. 387, 401–410.) Particularly, such course is dictated where, as here, the agreement was for payment of salaries out of earnings and there was no due presentation or litigation of the issue as to whether or not the corporation had earnings for the period in question sufficient to pay in full the salaries of the plaintiff and the individual defendant at the rate claimed by plaintiff.

The plaintiff, however, within the framework of this action, is entitled to a declaration as to the validity and enforcibility of the established agreement as between himself and the individual defendant Sidney. On abundance of authority, such an agreement is valid and binding upon the stockholders. Having chartered and followed year after year a course patterned on the existence of this particular agreement, the stockholder parties here are to be held to its terms. Certainly, the defendant Sidney, reaping and retaining over the years the advantages and benefits of the agreement, and, in fact, now holding corporate office and emoluments by virtue of the same, is not in a

position to successfully challenge it. It may and should be enforced as against him and also as against the corporation, so far as is consistent with the due recognition of the corporate form. (See Henn, Corporations, § 200, p. 318; also *Lockley* v. *Robie,* 301 N. Y. 371; *Clark* v. *Dodge,* 269 N. Y. 410; *Slonim* v. *Brodie,* 109 N. Y. S. 2d 440 [VALENTE, J.], affd. 281 App. Div. 861; *Eisenberg* v. *Rodless Decorations* [BREITEL, J.] [*supra*]; *Lawrence* v. *Weber,* 65 Misc. 603; *Wabash Ry. Co.* v. *American Refrigerator Tr. Co.,* 7 F. 2d 335, cert. den. 270 U. S. 643.) Thus, the judgment herein properly enjoined the defendants from acting in corporate affairs in violation of the terms of such agreement. Such a provision will adequately protect the plaintiff pending the pursuit of such remedies as he may have as a stockholder. Included, of course, within such remedies is the right to petition for a dissolution of the corporation in case a deadlock in corporate management is such that it should be dissolved. (See Business Corporation Law, § 1104; § 1111, subd. [b], par. [3].)

In light of the foregoing, the judgment appealed from should be modified (1) to strike the second and third decretal paragraphs therefrom, and in lieu of paragraph " 2 " thereof, the judgment should provide that, (2) the plaintiff and the individual defendant duly entered into an oral agreement for an equal division of the earnings and profits of the defendant corporation so long as they remained equal owners of the corporate stock, with the understanding, binding upon them, that each should receive equal total amounts from the earnings of the corporation whether in form of salary, expense accounts, salaries to relatives or otherwise; and that such agreement is valid and binding upon the said plaintiff and the said individual defendant. In lieu of paragraph " 3 " thereof, said judgment should provide that, (3) the defendant Brown and Sites Company, Inc., be and it is hereby directed to pay plaintiff the unpaid compensation due to him from the first day of January, 1962, under the agreement as established by the resolution of the board of directors on December 5, 1960, for the payment to the plaintiff of the sum of $15,000 yearly as salary as vice-president. The final decretal paragraph of the judgment herein should be modified to order, adjudge and decree that the plaintiff recover from the defendant Brown and Sites Company, Inc., the sum of $22,500, as the unpaid salary owing as aforesaid from January 1, 1962 to June 30, 1963, with interest thereon, the amount to be recovered to be fixed in the judgment to be settled hereon.

Except as so modified, the judgment should be affirmed, without costs.

RABIN, J. P., McNALLY, STEVENS and STEUER, JJ., concur.

Judgment unanimously modified in accordance with the opinion of this court filed herein, and, as so modified, affirmed, without costs. Settle order on notice.