

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 18, 1964

Hon. Coke Stevenson, Jr.            Opinion No. C-312
Administrator, Texas Liquor
    Control Board                   Re:  Requisites concerning
State Office Building                    issuance of liquor permits
Austin, Texas                            to corporations.

Dear Mr. Stevenson:

Your request for an opinion reads as follows:

> "Is a corporation qualified to receive a
> permit or license from the Texas Liquor Control
> Board if less than 51% of its authorized capital
> stock but 51% or more of its issued capital stock
> is owned by persons who have been United States
> citizens and residents of Texas for a period of
> three years and possess the qualifications required
> of other applicants for permits and licenses?"

You state that this question has arisen in connection with
the following statutes:

Article 666-18, Vernon's Penal Code, provides as follows:

> ". . . No permit shall be issued to a corpo-
> ration unless the same be incorporated under the
> laws of the State and unless at least fifty-one
> (51%) percent of the stock of the corporation is
> owned at all times by citizens who have resided
> within the State for a period of three years and
> who possess the qualifications required of other
> applicants for permits; . . ."

Article 667-5, 2, (h), Vernon's Penal Code provides as follows:

> ". . . The County Judge shall refuse to ap-
> prove the application for such license if he has
> reasonable grounds to believe and finds any of the
> following to be true:
>
> ". . .

> "2.   If a Distributor or retailer:
>
> . . .
>
>     (h) . . . . that at least fifty-one percent
> (51%) of the stock of such corporation is not owned
> at all times by citizens who have resided within
> this State for a period of three (3) years and who
> possess the qualifications required of other appli-
> cants for licenses; . . ."

The sole question then, is to determine whether "stock", as used in the above statutes, refers to "authorized" stock or "issued" stock.

Thompson on Corporations, § 3406 quotes and states:

> "'. . . . Stock can be created only by contract,
> whether it be in the simple form of a subscription
> or in any other mode.  There must be an agreement
> to take the stock, and nothing short of this can
> create it.  This imparts to the stock the quality
> of property which before it did not possess. . . .'
> Sturges v. Stetson, 1 Biss. (U.S.) 246, 23 Fed.Cas.
> 13568.  This principle is further illustrated in a
> case where it appeared that the statute used the
> expression, 'the whole capital stock,' and it was
> held that in the connection in which the words were
> used it meant the capital stock actually subscribed
> for and issued, and not the amount named in the ar-
> ticles of association."

In a New York Supreme Court case, a by-law of a corporation, requiring directors to call a special meeting of stockholders whenever so requested in writing by stockholders representing not less than "51 percent of capital stock" of the corpora- tion was held to mean 51 percent of the stock issued and out- standing in hands of stockholders rather than 51 percent of the stock authorized in the certificate of the corporation though not issued.  Weisblum v. Li Falco Mfg. Co., Inc., 84 N.Y.S.2d 162 (1947).

When the two statutes in question were passed in 1935 and 1953 respectively, the issuance of stock by a corporation was controlled by Article 1308, Vernon's Civil Statutes, since re- pealed.  That law made it mandatory that a prospective corpo- ration have all of its par-value stock in good faith subscribed, and 50% thereof paid in.  With the enactment of the Texas Busi- Corporation Act in 1955, however, the Legislature required that a corporation need only have issued and paid in $1,000.00 in stock or 10% of its total capitalization, whichever is greater. Article 3.05, T.B.C.A., V.C.S.

Hon. Coke Stevenson, Jr., Page 3 (C-312)

In light of this, we feel that the aforementioned 51% statutory requirement refers only to stock already issued, and not to the entire authorized stock.  To hold otherwise would be to require that at least 51% of a corporation's authorized stock be issued. This would be an unreasonable burden and contrary to the spirit, letter, and intent of the Texas Business Corporation Act.

## SUMMARY

A corporation is qualified to receive a permit or license from the Texas Liquor Control Board if 51% of its issued capital stock is owned by persons who have been United States citizens and residents of Texas for a period of three years and possess the qualifications required of other applicants for permits and licenses.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

By: BRADY S. COLEMAN
Assistant Attorney General

BSC/lh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Paul Phy
Lonny Zwiener
Cecil Rotsch
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  Roger Tyler