OPINION OF THE COURT
Edward J. Greenfield, J.
Petitioners in this special proceeding for corporate dissolution pursuant to section 1104 of the Business Corporation Law ask this court for provisional relief by way of a declaratory judgment pendente lite.
The parties are three equal shareholders of the firm of Harvard, Peskin & Edrick, Inc., an advertising agency. Their shareholders’ agreement requires that major corporate changes be done only on unanimous approval. Tigler and Edrick are desirous of consolidating the corporation with a larger agency. Respondent Peskin is resolutely opposed.
Petitioners, claiming the existence of a corporate deadlock, have proposed dissolution as the only viable alternative.
The lease to the corporate premises expires April 30, 1981. Various employees must either be rehired or permitted to make new arrangements'. Tigler and Edrick wish to transfer themselves and their accounts to the agency with which they had originally proposed a merger. They now ask the court, prior to any order for corporate dissolution, to issue a declaratory judgment that they are authorized to form a separate corporation and to conduct a competing advertising business transferring their accounts to the new entity.
*1078 Had petitioners proceeded to act prior to corporate dissolution to set up the competitive agency, respondent, undoubtedly, could have sought judicial intervention by way of an injunction pendente lite. Petitioners, in effect, seek the reverse of such an injunction — i.e., judicial declaration that their proposed competitive conduct is legally permissible. Of course, once the court sanctions such competitive action and finds it permissible, there will be little left for determination in the underlying proceeding. This court is not aware of any precedent for the grant of an interim declaratory judgment. CPLR 3001 provides as follows: “The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed.”
While the courts may convert a special proceeding into an action for declaratory judgment (see Matter of State Div. of Human Rights v New York State Police, 77 Misc 2d 597; Boulevard Gardens Tenants Action Committee v Boulevard Gardens Housing Corp., 88 Misc 2d 98; Weber v Sidney, 19 AD2d 494, affd 14 NY2d 929), no precedent exists that this court is aware of which permits -a declaratory judgment pendente lite as an incident to some other proceeding. CPLR 3001 appears to preclude interim declaratory relief by permitting the Supreme Court to render a declaration only as to final judgment. The seeking of a reverse injunction — a declaration that an imminent course of conduct is not illegal — is a creature unknown to the law as it presently stands.
Under the existing corporate charter and shareholders’ agreement, the parties are required to give their exclusive and full-time attention to the business of the corporation and to use their best efforts in furtherance of its business. Until the corporation is dissolved, however, it is doubtful whether the court can sanction the other stockholders diverting the business from the corporation and setting up a competing entity. The shareholders’ agreement further provides that any withdrawing shareholder who removes an account from the corporation is obliged to pay the corporation a commission of 20% of the gross billings. The *1079 agreement is silent as to how long such an obligation is to continue. Without a full exploration of the issues as to the nature of the corporate deadlock and whether it is genuine or represents merely a desire to enter into unsanctioned competition, this court is not prepared to say on the papers. It would be desirable, of course, for all parties to know what their obligations are before undertaking a new course of action. This matter was put before the court, however, shortly before the expiration of the corporate lease, and the court is not prepared at this time to say yea or nay to petitioners’ proposed course of conduct. Should the court grant the interim relief requested, it would result in the de facto dissolution of the corporation.
Under these circumstances, if petitioners choose to set up a new and competing corporation and to divert accounts from the existing corporation in the belief that they are legally justified in doing so, they do so at their own risk.
The motion is denied.