■ RUSSELL PEACOCK et al., Respondents, v HERALD SQUARE LOFT CORP. et al., Appellants. [889 NYS2d 22]—

Order, Supreme Court, New York County (Louis B. York, J.), entered August 22, 2008, which, to the extent appealed from, denied defendants' motion to dismiss the second and third causes of action, and so much of the fourth cause of action as sought specific performance on a March 8, 1994 agreement, unanimously modified, on the law, the second and third causes of action dismissed, and otherwise affirmed, without costs.

Co-op penthouse owners sued the co-op and certain directors for refusing permission to demolish their one-story rooftop structure and replace it with a two-story unit. As pertinent here, plaintiffs alleged breach of fiduciary duty against the co-op corporation and the director defendants, as well as breaches of their proprietary lease and the 1994 agreement.

As amplified in an affidavit in opposition to defendants' motion, plaintiffs asserted discrimination against them by refusal to approve their proposed project, in light of a past history of permitting extensive work on many of the building's other units. Although an allegation of unequal treatment of shareholders may be sufficient to overcome the protections of the business judgment rule, plaintiffs are still subject to the requirement of pleading independent tortious acts (*see DeCastro v Bhokari*, 201 AD2d 382, 383 [1994]). Since plaintiffs made no assertion that in discriminating against them, the directors were acting outside their official capacity, the unspecified allegation of unequal treatment failed to state a claim (*see Pelton v 77 Park Ave. Con-*

*dominium*, 38 AD3d 1, 9-10 [2006]). The allegation that the director defendants rejected plaintiffs' proposal due to the self-interest of one or more of the directors also lacked the specificity required to adequately state a claim for breach of fiduciary duty (*see* CPLR 3016 [b]; *Pelton*, 38 AD3d at 11). As to the co-op corporation, defendants correctly point out that "a corporation does not owe fiduciary duties to its members or shareholders" (*Hyman v New York Stock Exch., Inc.*, 46 AD3d 335, 337 [2007]). Accordingly, the second and third causes of action, sounding in breach of fiduciary duty, must be dismissed.

As to the fourth cause of action, the 1994 agreement provided for review only "after the Board approves plaintiffs' scope of work." Since the Board of Directors never approved plaintiffs' scope of work, defendants argue they cannot be in breach of the 1994 agreement. This argument is undercut by defendants' apparent concession in their brief that the proprietary lease would proscribe the board from unreasonably withholding its approval of the scope of work under the 1994 agreement. Even if the 1994 agreement does not, on its face, set limits on the board's ability to refuse to approve the scope of work, the contract's implied covenant of good faith and fair dealing would prevent defendants from exercising that power arbitrarily (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Whether defendants acted arbitrarily or unreasonably in refusing to approve the scope of work presents questions of fact that cannot be resolved on this motion to dismiss (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ. [*See* 2008 NY Slip Op 32325(U).]