SONDRA NEUSCHOTZ, Respondent, v NILSON NEUSCHOTZ, Appellant. [3 NYS3d 581]—Order, Supreme Court, New York County (Ellen Gesmer, J.), entered July 11, 2013, which, to the

extent appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action for breach of the implied covenant of good faith and fair dealing, unanimously affirmed, without costs.

Defendant was not entitled to dismissal of plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing. The allegations in the complaint, as bolstered by plaintiff's affidavit set forth actionable claims at this pleading stage (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]).

Although the separation agreement afforded defendant the sole responsibility of selecting a suitable apartment, the implied covenant of good faith and fair dealing would prevent him from arbitrarily refusing to make such selection (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]; *Peacock v Herald Sq. Loft Corp.*, 67 AD3d 442, 443 [1st Dept 2009]). The issue of whether defendant acted arbitrarily or unreasonably in refusing to select a suitable apartment presents questions of fact that cannot be resolved on this motion to dismiss (*see Peacock*, 67 AD3d at 443).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.