Hersh v One Fifth Ave. Apt. Corp. (2018 NY Slip Op 05522)





Hersh v One Fifth Ave. Apt. Corp.


2018 NY Slip Op 05522


Decided on July 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 26, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6312 157593/14

[*1]Anita Hersh, Plaintiff-Appellant,
v
One Fifth Avenue Apartment Corp., et al., Defendants, Constance Ellis, et al., Defendants-Respondents.


Wagner Berkow, LLP, New York (Ian J. Brandt of counsel), for appellant.
Holland & Knight LLP, New York (Patrick J. Sweeney of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 25, 2017, which, inter alia, granted the motion of defendants-respondents to dismiss the fourth cause of action of the complaint as against them, and denied plaintiff's motion to amend the complaint except with respect to the ad damnum clause, unanimously affirmed, without costs.
In this case, plaintiff alleges that her apartment sustained extensive water infiltration due, in large part, to the condition of the greenhouse on the roof terrace located on the floor above her. According to plaintiff, the individual owners of the offending greenhouse (defendants Alan Belzer and Susan Martin), the cooperative (defendant One Fifth Avenue Corp.), and the individual board members failed to adequately address and remedy the situation, and their failure to act resulted in catastrophic water damage to plaintiff's apartment. Plaintiff alleged six causes of action, including one for breach of fiduciary duty against the individual board members, the only claim at issue on this appeal.
It is well-settled that a breach of fiduciary duty claim does not lie against individual cooperative board members where there is no allegation of "individual wrongdoing by the members . . . separate and apart from their collective actions taken on behalf of the" cooperative (20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]; Brasseur v Speranza, 21 AD3d 297, 298 [1st Dept 2005]). Here, the complaint does not allege that any of the individual board members committed an independent wrong that was distinct from the actions taken as a board collectively. Thus, the breach of fiduciary duty claim is not viable. Because the proposed amended complaint fails to cure this deficiency, plaintiff's motion seeking to amend the complaint was properly denied.
Contrary to plaintiff's contention, this result is entirely consistent with Fletcher v Dakota, Inc. (99 AD3d 43 [1st Dept 2012]). In Fletcher, we concluded that "although participation in a breach of contract will typically not give rise to individual director liability, the participation of an individual director in a corporation's tort is sufficient to give rise to individual liability" (id. at 47). Thus, we declined to dismiss claims against a cooperative board director who was alleged to have participated in the cooperative's violation of the State and City Human Rights Laws.
Here, in contrast, there is no viable corporate tort alleging breach of fiduciary duty, because a corporation owes no fiduciary duty to its shareholders (Fletcher, 99 AD3d at 54; Hyman v New York Stock Exch., Inc., 46 AD3d 335, 337 [1st Dept 2007]). Thus, in the absence of a corporate tort in which the individual board members could have participated, the breach of fiduciary duty claim as against them was properly dismissed. Indeed, Fletcher made this very [*2]point by dismissing the breach of fiduciary duty cause of action against an individual board director, while at the same time sustaining Human Rights Law claims against him.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 26, 2018
CLERK