CPTS Hotel Lessee LLC v Holiday Hospitality Franchising LLC (2019 NY Slip Op 02640)





CPTS Hotel Lessee LLC v Holiday Hospitality Franchising LLC


2019 NY Slip Op 02640


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


653517/16 8919 653096/16 8918

[*1]CPTS Hotel Lessee LLC, Plaintiff-Appellant,
v
Holiday Hospitality Franchising LLC, Defendant-Respondent. 
Holiday Hospitality Franchising LLC, Plaintiff-Respondent,
Intercontinental Hotels Group Resources, Inc., Plaintiff,
v
CPTS Hotel Lessee LLC, Defendant-Appellant, Times Square JV LLC, et al., Defendants.


Pryor Cashman LLP, New York (Todd E. Soloway of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Paul M. O'Connor III of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered on or about May 7, 2018, which, to the extent appealed from as limited by the briefs, denied CPTS Hotel Lessee LLC's motion to dismiss Holiday Hospitality Franchising LLC's causes of action for a declaration and a permanent injunction, granted Holiday Hospitality's motion for a preliminary injunction enjoining CPTS from terminating the parties' agreement, granted Holiday Hospitality's motion to dismiss CPTS's cause of action for a declaration that the agreement is unenforceable as a contract for personal services, and determined that the standard for assessing Holiday Hospitality's performance of its obligations under section 4(D) of the agreement is "arbitrary and capricious," rather than "conscientious," unanimously modified, on the law, to deny Holiday Hospitality's motion to dismiss CPTS's cause of action for a declaration that the agreement is unenforceable as a contract for personal services and declare in Holiday Hospitality favor, and it is declared that the license agreement is not a contract for personal services, and otherwise affirmed, without costs.
The motion court correctly determined that the license agreement between Holiday Hospitality and CPTS is not a contract for personal services, because it lacks the requisite delegation of substantial discretion to the licensee (CPTS) in the operation of the subject hotel (see Husain v McDonald's Corp., 205 Cal App 4th 860 [Cal Ct App 2012]). However, rather than dismissing CPTS's cause of action for a declaration in its favor, the court should have issued a declaration in Holiday Hospitality's favor (Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
The court correctly found that the harm to licensor Holiday Hospitality's brand reputation and goodwill as a result of an improper termination of the agreement, which would cause the [*2]Times Square location to lose its branding as a Crowne Plaza hotel, was within the parties' contemplation at the time the agreement was signed (see American List Corp. v U.S. News & World Report, 75 NY2d 38, 43 [1989]), and constituted irreparable harm (see David B. Findlay, Inc. v Findlay, 18 NY2d 12 [1966], cert denied 385 US 930 [1966]).
The motion court correctly found that the standard for assessing Holiday Hospitality's performance of its obligations under section 4(D) of the agreement is whether it acted arbitrarily or irrationally in exercising that discretion (Peacock v Herald Sq. Loft Corp, 67 AD3d 442, 443 [1st Dept 2009]). Such discretion may not be exercised arbitrarily or irrationally or in bad faith so as to deprive the other party of the benefits of the contract (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]).
The Section 4(D) requirement that Holiday Hospitality "conscientiously" adhere to certain standards of service in carrying out its obligations under the agreement does not impose a standard higher than what is required by any other contractual obligation allowing for unilateral discretion by one of the parties. "Conscientiously" only refers to doing the work well and thoroughly and is encompassed by the concept of good faith.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK